No.  96-139

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


TERRY LYNN MOTHKA,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Respondent.


APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John Warner, Judge Presiding.


COUNSEL OF RECORD:

For Appellant:

Kenneth R. Olson, Great Falls, Montana


For Respondent:

Honorable Joseph P. Mazurek, Attorney General;
Elizabeth S. Baker, Assistant Attorney General,
Helena, Montana

Brant Light, County Attorney; Kirsten H. LaCroix,
Deputy County Attorney, Great Falls, Montana

Submitted on Briefs: January 30, 1997

Decided: February 20, 1997
Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Terry Mothka was convicted and sentenced for conspiracy to sell dangerous drugs in the Eighth Judicial District Court, Cascade County. He petitioned for post-conviction relief, which the District Court denied. Mothka appeals from the denial of his petition for post-conviction relief. We affirm.

The following two issues are raised on appeal:

1. Did the District Court properly apply 46-21-105(2), MCA, to deny Mothkaþs petition for post-conviction relief?

2. Did Mothkaþs conviction for conspiracy to sell dangerous drugs following an in rem civil forfeiture violate double jeopardy?

BACKGROUND

On April 11, 1991, Mothka and five codefendants were charged by information with conspiracy to sell dangerous drugs in violation of 45-4-102, MCA, and 45-9-101, MCA (1989). Mothka entered a plea agreement with the State which provided that he would plead guilty to conspiracy to sell dangerous drugs; that he agreed to the forfeiture of the majority of his business assets; and that he would not contest "any alleged violation of his Constitutional Rights. . . ."

On May 24, 1991, the State sought to recover items of Mothkaþs real and personal property gained as proceeds of and used to facilitate drug transactions by means of an in rem civil forfeiture. Mothka and the State entered into a stipulation concerning the forfeiture. They agreed that portions of Mothkaþs property would be forfeited to the State and other property would be released to Mothka. The District Court approved the stipulation on October 2, 1991, and ordered certain property forfeited to the State.

In a sentencing order filed on October 24, 1991, the District Court sentenced Mothka to Montana State Prison for fifteen years, with ten years suspended, and ordered him to pay a $10,000 fine. Mothka did not appeal his sentence.

On September 20, 1995, Mothka filed a petition for post-conviction relief. He argued that his conviction and sentence were

entered in violation of the Double Jeopardy Clauses of the Fifth Amendment and Article II, Section 25 of the Montana Constitution, claiming that he had already been punished by the civil forfeiture of his property. The District Court denied Mothkaþs petition, concluding that "the claim could have been reasonably raised in District Court and then on direct appeal." Mothka appeals from the denial of his petition for post-conviction relief.

DISCUSSION

1. Did the District Court properly apply 46-21-105(2), MCA, to deny Mothkaþs petition for post-conviction relief?

In reviewing a district courtþs denial of post-conviction relief, we will not overturn the courtþs legal conclusions if its interpretation of the law is correct. Wagner v. State (1995), 270 Mont. 26, 28, 889 P.2d 1189, 1190, cert. denied, ___ U.S. ____, 116 S.Ct. 101, 133 L.Ed.2d 55.

Mothka argues that he did not waive his right to challenge his conviction by entering a guilty plea because his claim is based on the face of the information and the records in the civil and criminal cases. Therefore, he asserts, his double jeopardy claim is not procedurally barred by 46-21-105(2), MCA.

The State responds that Mothkaþs argument misapprehends the basis for the District Courtþs ruling. The State does not argue that Mothka waived his right to raise the double jeopardy claim when he plead guilty. Rather, the State maintains that because Mothkaþs double jeopardy claim could have been reasonably raised in district court and then on direct appeal, but was not, it is now barred by 46-21-105(2), MCA. We agree.

Section 46-21-105(2), MCA, provides:

When a petitioner has been afforded a direct appeal of the petitionerþs conviction, grounds for relief that could reasonably have been raised on direct appeal may not be raised in the original or amended petition.

We have consistently applied the statutory bar in 46-21-105(2), MCA, to prevent the abuse of post-conviction relief by criminal defendants who would substitute those proceedings for direct appeal and to preserve the integrity of the trial and direct appeal. Kills On Top v. State (1995), 273 Mont. 32, 60, 901 P.2d 1368, 1386, cert. denied, ___ U.S. ___, 116 S.Ct. 1273, 134 L.Ed.2d 220. When a petitioner voluntarily waives his right of direct appeal, he is procedurally barred under 46-21-105(2), MCA, from bringing a petition for post-conviction relief on issues which could reasonably have been raised on direct appeal. Petition of Manula (1993), 263 Mont. 166, 169, 866 P.2d 1127, 1129.

The District Court concluded that Mothkaþs double jeopardy claim could have been reasonably raised in district court and on direct appeal. Mothka did not, by virtue of his guilty plea, waive

his right to raise the double jeopardy claim--assuming the record before the sentencing court "was sufficient for the court to determine whether the government lacked the power to bring the charges at issue due to the constitutional prohibitions against placing a person twice in jeopardy."  Stilson v. State (Mont. 1996), 924 P.2d 238, 239, 53 St.Rep. 572, 573.

Mothka did not raise the double jeopardy issue available to him in 1991, either before the District Court when he was sentenced, or on direct appeal.  Therefore, his claim is procedurally barred by  46-21-105(2), MCA.  We hold that the District Court correctly determined that Mothkaþs double jeopardy claim could reasonably have been raised in District Court and then on direct appeal.  The order denying Mothkaþs petition for post-conviction relief is affirmed.

Because Mothkaþs double jeopardy claim is procedurally barred, we decline to address the merits of Mothkaþs second issue.

/S/  J. A.  TURNAGE

We concur:

/S/  WILLIAM E. HUNT, SR.
/S/  TERRY N. TRIEWEILER
/S/  KARLA M. GRAY
/S/  W. WILLIAM LEAPHART