No. 98-542

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 140N

BRIAN BENNETT,

Petitioner and Appellant,

v.

STATE OF MONTANA; RICK DAY;

D.O.C.; MYRON BEESON, Warden,

Defendants and Respondents.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

No

The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Lucas J. Foust, Assistant Public Defender, Lewis and Clark County

Helena, Montana

For Respondents:

Hon. Joseph P. Mazurek, Attorney General; Pamela P. Collins, Ass't

Attorney General, Helena, Montana

Mike Menehan, Deputy Lewis and Clark County Attorney, Helena,

Montana

Submitted on Briefs: May 27, 1999

Decided: June 14, 1999

Filed:

No

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. Brian Bennett (Bennett) appeals from the order of the First Judicial District Court, Lewis and Clark County, denying his petition for postconviction relief. We affirm.**

**¶3. The dispositive issue on appeal is whether the District Court erred in concluding that Bennett's petition for postconviction relief was procedurally barred.**

BACKGROUND

**¶4. In 1996, the State of Montana (State) charged Bennett by information with driving under the influence of alcohol (DUI), a felony. The felony designation was based on Bennett's prior driving history. A jury found Bennett guilty of the charged DUI in January of 1997, and the District Court sentenced him and entered judgment on April 29, 1997. Bennett did not appeal.**

**¶5. On October 10, 1997, Bennett filed a *pro se* petition for habeas corpus. He asserted that he had neither been represented by counsel nor waived counsel during the proceedings which resulted in his 1991 DUI conviction and jail time and, under**

State v. Okland (1997), 283 Mont. 10, 941 P.2d 431, that conviction should have been expunged and could not be used to enhance the 1996 DUI charge to a felony. Bennett also moved for appointment of counsel to represent him, and the District Court appointed the Lewis and Clark County Public Defender's Office to represent him.

¶6. The State moved to dismiss Bennett's petition on procedural grounds. Bennett's counsel responded that Bennett's claims should have been filed as a petition for postconviction relief and filed the appropriate petition and supporting brief. The State again asserted procedural bars and urged dismissal. On March 25, 1998, the District Court dismissed Bennett's petition for postconviction relief pursuant to § 46-21-105(2), MCA, because Bennett had the opportunity in the trial court and on appeal to raise the issue of whether he should have received an enhanced penalty. Bennett did not appeal from the dismissal of his petition for postconviction relief.

¶7. On June 15, 1998, Bennett's counsel filed another petition for habeas corpus on his behalf. Counsel asserted that one of Bennett's 1988 convictions actually had been a *per se* conviction rather than an ordinary DUI conviction and, under State v. Sidmore (1997), 286 Mont. 218, 951 P.2d 558, that *per se* conviction should have been expunged and could not be used to enhance the 1996 DUI charge to a felony. The State responded by requesting that the petition be treated as one for postconviction relief and dismissed as procedurally barred.

¶8. The District Court heard oral arguments on the petition on July 23, 1998. Bennett's counsel urged that the petition was not procedurally barred because *Sidmore* was not decided until approximately eleven months after Bennett's 1997 conviction, eight months after entry of judgment and six months after the time for appeal had expired. Therefore, according to Bennett's counsel, the relief available pursuant to *Sidmore* could not have been raised earlier. Counsel then went on to argue the merits of Bennett's petition, namely, that *Sidmore* was applicable retroactively, including via a collateral attack on his conviction. The State responded that Bennett could have raised the issue ultimately decided in *Sidmore* at the trial level, as defense counsel did in that case. Bennett having failed to do so during his criminal proceedings, the State contended he was barred from doing so in postconviction proceedings.

¶9. The District Court subsequently entered its memorandum and order characterizing Bennett's petition as one for postconviction relief and dismissing it as

**procedurally barred under § 46-21-105, MCA. The court also concluded that, in any event, *Sidmore* was not applicable retroactively on collateral review.**

**¶10. Bennett does not appeal from the District Court's determination to treat his petition as one for postconviction relief. He does appeal, however, from the court's conclusions on the procedural bar and the applicability of *Sidmore*. Because the procedural bar issue is dispositive, we do not address the applicability of *Sidmore*.**

DISCUSSION

**¶11. Did the District Court err in concluding that Bennett's petition was procedurally**

barred pursuant to § 46-21-105, MCA?

**¶12. We review a district court's conclusions of law in postconviction proceedings to determine whether they are correct. *See* State v. Roach, 1999 MT 38, ¶ 7, ___ P.2d ___, ¶ 7, 56 St.Rep. 161, ¶ 7.**

**¶13. Section 46-21-105, MCA, provides as follows:**

(1)(a) All grounds for relief claimed by a petitioner under 46-21-101 must be raised in the original or amended original petition. . . .

(b) The court shall dismiss a second or subsequent petition by a person who has filed an original petition unless the second or subsequent petition raises grounds for relief that could not reasonably have been raised in the original or an amended original petition.

(2) When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a proceeding brought under this chapter. . . .

Applying the unambiguous provisions of § 46-21-105, MCA, to the facts of the present case mandates a conclusion that the District Court did not err.

**¶14. Section 46-21-105(2), MCA, is dispositive. It is undisputed that Bennett had the opportunity for a direct appeal from his 1997 conviction and waived that right by**

failing to pursue an appeal. *See* Mothka v. State (1997), 281 Mont. 175, 177-78, 931 P.2d 1331, 1333 (citation omitted). Moreover, it is clear that Bennett's trial counsel could reasonably have raised the *per se* issue ultimately decided in *Sidmore* during the criminal proceeding that led to Bennett's conviction. While counsel in the present proceeding contends that trial counsel could not have raised the *per se* issue because *Sidmore* had not yet been decided at the time of Bennett's trial, that contention misses the mark. Defense counsel raised the issue in the trial court in *Sidmore* (*see Sidmore*, 286 Mont. at 223, 951 P.2d at 561), and trial counsel could have done the same in Bennett's case. Accordingly, pursuant to § 46-21-105(2), MCA, Bennett's failure to raise the issue in the trial court and on appeal bars the issue from being raised in a petition for postconviction relief. *See Mothka*, 281 Mont. at 177-78, 931 P.2d at 1333 (citation omitted).

¶15. We hold that the District Court did not err in concluding that Bennett's petition for postconviction relief was procedurally barred under § 46-21-105, MCA.

¶16. Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART