No. 98-497

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 38

STATE OF MONTANA,

Plaintiff and Respondent,

v.

JERRY ROACH,

Defendant and Appellant.

APPEAL FROM: District Court of the Fifteenth Judicial District,

In and for the County of Daniels,

The Honorable David Cybulski, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Jerry Roach, Pro Se; Deer Lodge, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Pamela P. Collins,

Assistant Attorney General; Helena, Montana

Ken W. Hoversland, Daniels County Attorney; Scobey, Montana

Submitted on Briefs: January 21, 1999

Decided: March 2, 1999

Filed:

_____

Justice Terry N. Trieweiler delivered the opinion of the Court.

**¶1. The petitioner, Jerry Roach, filed a petition for postconviction relief in the Fifteenth Judicial District Court in Daniels County, in which he sought to withdraw his guilty pleas to burglary and theft or, in the alternative, to receive a shorter sentence. Roach appeals the denial of postconviction relief. We vacate the judgment of the District Court and remand for further proceedings.**

**¶2. The issue on appeal is whether Roach's pleas should be set aside for the District Court's failure to first advise him of the maximum applicable sentence.**

FACTUAL BACKGROUND

**¶3. On January 7, 1997, Jerry Roach was charged by information filed in the Fifteenth Judicial District Court with burglary and theft. At his arraignment, the court correctly notified Roach that the maximum sentence for burglary is twenty years and $50,000, and that the maximum sentence for theft is ten years and $50,000. Roach pled not guilty.**

**¶4. Roach requested a hearing to change his plea from "not guilty" to "guilty." The change of plea hearing was held on January 27, 1997. At the hearing, the District Court, in compliance with § 46-16-105, MCA, and § 46-12-210(1)(iii), MCA, questioned Roach regarding his understanding of his constitutional rights, and discussed the possible penalty for the crimes charged. However, the District Court erroneously informed Roach that the maximum possible penalty for both crimes was ten years and $50,000. Neither Roach's counsel nor the county attorney, who were both present at the change of plea hearing, responded or objected in any way to the court's misstatement of the maximum possible penalty.**

**¶5. Roach was sentenced on March 18, 1997. At Roach's sentencing, the probation and parole officer recommended that Roach be sentenced to twenty years with five suspended for burglary, and ten years with two suspended for theft. The county attorney recommended ten years for each offense with no time suspended, the same sentence the Court advised Roach of at the change of plea hearing. The District Court then sentenced Roach to twenty years with twenty years suspended for burglary, and to ten years with no time suspended for theft. The sentences were to be**

served consecutively. The District Court additionally ordered Roach to pay restitution.

¶6. On January 2, 1998, Roach filed a petition for postconviction relief asserting that he was misled by the District Court regarding the maximum possible penalties and, therefore, that his change of plea from "not guilty" to "guilty" was coerced and based on misinformation. Roach asked the District Court to set aside his two convictions or, alternatively, that he be sentenced in conformity with the penalty he was advised of at the change of plea hearing. The District Court denied Roach's petition for postconviction relief, finding that he fully understood the maximum penalty for the crimes charged when he voluntarily changed his plea from "not guilty" to "guilty." On appeal, Roach again asserts that he should have been granted postconviction relief allowing him to either withdraw his guilty plea or be sentenced in conformity with the penalty the District Court advised him was the maximum possible penalty at the change of plea hearing.

## STANDARD OF REVIEW

¶7. We review a denial of postconviction relief to determine whether substantial evidence supports the findings and conclusions of the district court. *See State v. Sheppard* (1995), 270 Mont. 122, 127, 890 P.2d 754, 757 (citing *State v. Barrack* (1994), 267 Mont. 154, 159, 882 P.2d 1028, 1031); *see also State v. Bromgard* (1997), 285 Mont. 170, 174, 948 P.2d 182, 184. We review a district court's legal conclusions to determine whether they are correct. *See Bromgard*, 285 Mont. at 174, 948 P.2d at 184.

## DISCUSSION

¶8. At the time of the arraignment on January 7, 1997, Roach pled not guilty to charges of burglary and theft. On January 27, 1997, Roach requested a hearing to change his plea from "not guilty" to "guilty." Roach maintains that his plea of guilty was coerced because he was not made aware of and did not understand the maximum penalties at the time he pled guilty. Roach further argues that because the two counts arose from the same criminal action, that he believed ten years was the maximum possible sentence for both counts combined.

¶9. We have stated that prior to accepting a guilty plea, the trial court must satisfy

the statutory requirements set forth at § 46-16-105, MCA, and § 46-12-210, MCA. *See State v. Bowley* (1997), 282 Mont. 298, 304, 938 P.2d 592, 595. Section 46-16-105, MCA, provides in part that:

(1) Before or during trial, a plea of guilty may be accepted when:

(a) . . . the defendant enters a plea of guilty in open court; and

(b) the court has informed the defendant of the consequences of the plea and of the maximum penalty provided by law that may be imposed upon acceptance of the plea.

Moreover, § 46-12-210(1)(iii), MCA, requires that:

Before accepting a guilty plea, the court shall determine that the defendant understands the following:

. . . .

(iii) the maximum penalty provided by law, including the effect of any penalty enhancement provision or special parole restriction.

¶10. At the change of plea hearing, the District Court gave Roach the following advice: "You understand that under a plea of guilty, I can sentence you to the maximum sentence for this crime, which is the ten years and $50,000 fine for each of the two -- I believe it's ten years for both -- yeah. Ten years for both, each."

¶11. Pursuant to § 45-6-205, MCA, the penalty for burglary is twenty years or $50,000 or both, and the maximum penalty for theft in this case is ten years or $50,000 or both pursuant to § 45-6-301, MCA. The District Court misstated the law regarding the maximum penalty for the burglary count, and did not clearly state that the sentences for each offense were separate and could be served consecutively.

¶12. The State argues that because Roach decided to change his plea prior to the District Court misstating the maximum possible penalty, and because the charging document advised Roach of the correct maximum possible penalty, that he entered his plea knowingly, voluntarily, and intelligently. However, the State also concedes

that the District Court did misstate the maximum possible penalty, contrary to the requirements of § 46-12-210(1), MCA, and § 46-16-105(1), MCA.

¶13. Nowhere, in its findings of fact, conclusions of law, and order denying Roach's petition for postconviction relief, did the District Court discuss the statutory requirements of § 46-16-105, MCA, or § 46-12-210, MCA, which require that the court inform the defendant of the maximum possible penalty for the crimes charged prior to accepting a guilty plea. Additionally, the Court did not discuss its misstatement of the maximum possible penalty at the change of plea hearing.

¶14. In *State v. Enoch* (1994), 269 Mont. 8, 887 P.2d 175, we had the following to say about district court decisions to allow or disallow withdrawal of a guilty plea:

The principles governing the entry and withdrawal of guilty pleas are contained in both statute and case law. *See State v. Radi* (1991), 250 Mont. 155, 818 P.2d 1203. Trial courts must meet statutory requirements such as those contained in §§ 46-12-210 and 46-16-105 (1), MCA (1991), before accepting a guilty plea. Section 46-16-105(2), MCA, relates to withdrawal of a guilty plea.

No set rule or standard exists under which a trial court addresses a request to withdraw a guilty plea; each case must be considered in light of its unique record. *Radi*, 818 P.2d at 1206. Our standard in reviewing a district court's denial of a motion to withdraw a guilty plea is whether the court abused its discretion. *State v. Reynolds* (1992), 253 Mont. 386, 390, 833 P.2d 153, 155.

*Enoch*, 269 Mont. at 11, 887 P.2d at 177.

¶15. In *Benjamin v. McCormick* (1990), 243 Mont. 252, 792 P.2d 7, we agreed that when a plea is entered following misinformation about the consequences, it is not knowingly made and that the usual remedy is to allow withdrawal. There, we stated:

In this case, Benjamin's guilty plea was based on error. Both the sentencing court and the habeas corpus court found that Benjamin was misinformed as to the consequences of his plea. The record contains sufficient evidence to establish that the sentencing court, prosecutor and defense counsel all apparently failed to recognize that the sexual offender

program lasted two years and assured the defendant that he would be incarcerated for only one year.

The usual remedy for a guilty plea that is not voluntarily or knowingly made is to allow the defendant to withdraw the plea.

*Benjamin*, 243 Mont. at 256, 792 P.2d at 10.

**¶16. Facts similar to those in this case were presented in *State v. Brown* (1993), 262 Mont. 499, 865 P.2d 282. In that case, when the defendant's change of plea was accepted, he was advised that the maximum sentence he could receive was thirty years. *See Brown*, 262 Mont. at 502, 865 P.2d at 284. However, he was later sentenced to forty years with sixteen years suspended. *See Brown*, 262 Mont. at 501, 865 P.2d at 283. As in this case, the State argued that because the defendant had other sources for information about the correct maximum sentence, he could not rely on the district court's representations to have his actual sentence set aside. We disagreed. We stated that:**

The State argues extensively that Brown's subjective knowledge that he could be sentenced to a maximum of forty years is crucial. We disagree. We conclude that the plain language of the code sections quoted above provides that a defendant must be advised of the maximum punishment. We further conclude that *Benjamin* [*v. McCormick* (1990), 243 Mont. 252, 792 P.2d 7,] and [*In re the Matter of*] *Orman* [(1986), 224 Mont. 332, 731 P.2d 893,] support Brown's argument that the sentence must be modified to provide for a sentence no longer than the maximum sentence which Judge Davis advised Brown he could receive for the charged offenses.

*Brown*, 262 Mont. at 503-04, 865 P.2d at 285.

**¶17. We conclude that because Roach was misinformed of the maximum possible sentence at his change of plea hearing, his plea was neither knowing nor in compliance with statutory requirements and, therefore, that the District Court abused its discretion when it denied Roach's petition for postconviction relief and**

**refused to allow him to withdraw his pleas.**

**¶18. In *Brown*, we were able to conform the defendant's actual sentence to what the district court had represented. However, in this case, it is not exactly clear what the District Court represented, although we do know that the District Court misstated the length of sentence that could be imposed for burglary. Therefore, we conclude that the appropriate remedy in this case was to allow Roach to withdraw the plea which had been entered following the District Court's misstatement regarding the maximum sentence that could be imposed.**

**¶19. Finally, the State has moved to strike certain information from Roach's reply brief. The State's motion is well-taken. We have not, therefore, considered that information in arriving at our decision.**

**¶20. The judgment of the District Court is reversed. This case is remanded to the District Court for further proceedings consistent with this opinion.**

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ WILLIAM E. HUNT, SR.