No. 99-282

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 276N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

RHONDA L. ESH,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

Honorable Douglas G. Harkin, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Bruce L. Hussey, Law Office of Bruce L. Hussey, Missoula, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Mark W. Mattioli,

Assistant Attorney General, Helena, Montana

Fred VanValkenburg, County Attorney; Karen Townsend,

Deputy County Attorney, Missoula, Montana

Submitted on Briefs: October 22, 1999

Decided: November 16, 1999

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶ **Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

¶ **The Fourth Judicial District Court, Missoula County, denied Rhonda L. Esh's petition for postconviction relief as untimely and procedurally barred. She appeals. We affirm.**

¶ The issue is whether the court erred in denying the petition for postconviction relief.

¶ In June of 1996, Esh was involved in a motor vehicle accident. Her seven-year-old son, a passenger in her vehicle, was injured. Esh was charged in the Missoula County Justice Court with negligent vehicular assault, making an improper turn, and endangering the welfare of a child.

¶ Attorney Douglas Skjelset represented Esh as to the criminal charges resulting from the automobile accident. In May of 1997, Esh pled guilty to two of three of the criminal charges and the third, the improper turn charge, was dismissed. She was given a suspended sentence on conditions, including one that she refrain from using alcohol or drugs.

¶ Skjelset also represented Esh's son in a claim against her automobile liability insurance company. Before commencing such representation, Skjelset had Esh sign a form entitled "WAIVER OF CONFLICT OF INTEREST," in which she "waive[d] any conflict of interest . . . which may be created by virtue of such dual representation."

¶ In July 1998, Esh's suspended sentence was revoked, and she was sentenced to the Missoula County Detention Center. Skjelset did not represent Esh at the revocation hearing.

¶ On September 18, 1998, Esh filed a petition for postconviction relief in the District Court. In her petition, she alleged that she was denied effective assistance of counsel as a result of a conflict of interest when Skjelset represented her in the criminal matter while also representing her son in connection with his injuries from the automobile accident. The District Court denied the petition pursuant to § 46-21-102, MCA.

¶ Our standard of review of a district court's denial of a petition for postconviction relief is whether substantial evidence supports the court's findings and conclusions. *State v. Roach*, 1999 MT 38, ¶ 7, 293 Mont. 311, ¶ 7, 975 P.2d 817, ¶ 7. We will overturn a district court's legal conclusion if its interpretation of the law is incorrect. *Roach*, at ¶ 7.

¶ Section 46-21-102, MCA, provides that, except for claims alleging the existence of newly-discovered evidence which, if proved, would establish that the petitioner did not engage in the criminal conduct of which she has been convicted, a petition for postconviction relief must be filed within one year of the date that the conviction becomes final. Esh's petition for postconviction relief was filed approximately sixteen months after her justice court convictions became final.

¶ Esh asserts on appeal that the period of limitations for postconviction relief was "waived" as a result of Skjelset's dual representation of her and her son in matters arising out of the same occurrence. She did not, however, make this argument to the District Court in connection with her petition for postconviction relief. We therefore decline to address the argument. *See State v. Woods* (1997), 283 Mont. 359, 372, 942 P.2d 88, 96-97.

¶ We conclude that the District Court did not err in denying Esh's petition for postconviction relief. We affirm the decision of the District Court.

/S/ J. A. TURNAGE


We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ WILLIAM E. HUNT, SR.