No. 99-361

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 118

299 Mont. 442

2 P. 3d 233

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DAVID A. MELONE,

Defendant and Appellant.

APPEAL FROM: District Court of the Second Judicial District,

In and for the County of Silver Bow,

The Honorable John W. Whelan, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Chad Wright, Assistant Appellate Defender, Appellate Defender Office,

Helena, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Micheal S. Wellenstein,

Assistant Attorney General; Helena, Montana

Robert McCarthy, Silver Bow County Attorney; Brad Newman,

Deputy County Attorney, Butte, Montana

_____

Submitted on Briefs: December 16, 1999

Decided: May 4, 2000

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.¶

1 David A. Melone appeals from the Judgment of the Second Judicial District Court, Silver Bow County, dated April 29, 1999, sentencing him to 20 years in the Montana State Prison. We reverse and remand.

¶2 Melone raises the following issue:

¶3 Whether the District Court abused its discretion by denying Melone's motion to withdraw his guilty plea?

## FACTUAL BACKGROUND

¶4 On November 4, 1998, the State filed an Information charging Melone with felony assault in violation of § 45-5-202(2)(a), MCA (1997). The State alleged that Melone

purposely or knowingly caused bodily injury to Thomas Brosovic with a weapon, specifically by slashing or cutting his face. On November 12, 1998, Melone entered a plea of not guilty. The court set Melone's case for jury trial to be held on March 2, 1999.

¶5 On February 19, 1999, Melone filed a Motion to Reduce Charge and a Motion to Dismiss. On February 22, 1999, the court denied both motions. As a result, Melone offered an *Alford* plea. *See North Carolina v. Alford* (1970), 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (upholding the constitutionality of a plea of nolo contendere). The court took Melone's request for a change of plea under advisement and set a change of plea hearing for the following day.

¶6 Prior to the change of plea hearing, Melone filed an Acknowledgment of Waiver of Rights by a Plea of Guilty. In his acknowledgment, Melone stated that he fully understood that the maximum possible punishment by law for felony assault was ten years and/or a $50,000 fine, that a dangerous weapon enhancement of up to five additional years for use of a weapon might apply, and that "[t]he County Attorney's office also gave notice of Persistent Felony Offender Status if the matter proceeded to trial, which carries an additional five (5) to one hundred (100) year sentence, consecutive." Melone also stated that he understood that his sentence could be enhanced on the basis of his previous criminal record.

¶7 During the change of plea hearing, the court informed Melone that the weapon enhancement statute was no longer applicable to Melone and stated that the maximum penalty for felony assault was "ten years in the Montana State Prison or a $50,000 fine."[1] Melone testified regarding his version of the facts underlying the felony assault charge. The court allowed Melone to withdraw his previous plea and enter an *Alford* plea.

¶8 On March 25, 1999, the District Court sentenced Melone to the Montana State Prison for a term of ten years for felony assault and an additional ten years to be served consecutively as a persistent offender. On March 26, 1999, Melone filed a motion requesting that the court hold a hearing regarding the imposition of a persistent felony offender enhancement and that the court allow him to withdraw his plea. In this motion, Melone denied:

> [H]e was aware at the time of his entry of an *Alford* plea that he could be sentenced to more than ten (10) years for the Assault. Defendant states that he understood that the persistent designation was not going to be imposed since it was not

discussed . . . .

¶9 By Order dated April 20, 1999, the court rejected Melone's motion to withdraw his plea, but granted his motion for a new sentencing hearing and vacated its previous sentence and judgment. On April 29, 1999, the court held another sentencing hearing. Melone requested and was granted the right to represent himself. The court allowed Melone to present evidence regarding the applicability of the persistent felony offender enhancement. Melone did not contest the existence of his prior convictions. The court affirmed its original sentence. Melone appeals.

## STANDARD OF REVIEW

¶10 Pursuant to § 46-16-105(2), MCA, a court may for good cause shown permit a defendant to withdraw a plea of guilty. *See State v. Keys*, 1999 MT 10, ¶ 11, 293 Mont. 81, ¶ 11, 973 P.2d 812, ¶ 11. We review a district court's denial of a motion for the withdrawal of a guilty plea for an abuse of discretion. *See Keys*, ¶ 11 (citing *State v. Bowley* (1997), 282 Mont. 298, 304, 938 P.2d 592, 595).

## DISCUSSION

¶11 Whether the District Court abused its discretion by denying Melone's motion to withdraw his guilty plea?

¶12 Melone contends that a voluntary and knowing waiver of constitutional rights when a defendant pleads guilty to a crime, includes the right to be informed of the maximum possible sentence not only for the crime charged, but also for collateral sentencing enhancements. Melone claims that the District Court did not inform him that he could receive an additional sentence of up to 100 years because of his potential status as a persistent felony offender. As a consequence, Melone asserts that his plea was not knowing and voluntary.

¶13 The State contends that a review of the court's interrogation of Melone, as well as Melone's acknowledgment, reveals that at the time of his plea he understood that he faced the persistent felony offender enhancement provision. The State contends that the following evidence indicates that Melone's plea was voluntary, knowing, and intelligent: Melone received a persistent felony offender notice from the State; the prosecutor informed Melone of a possible persistent felony penalty immediately prior to the court's

questioning of Melone; and, Melone's acknowledgment indicates that he understood that he faced a possible enhancement because of his prior record.

¶14 The test for determining the validity of a guilty plea is whether the plea represents a "voluntary, knowing, and intelligent choice among the alternative courses of action open to the defendant." *See Keys,* ¶ 12 (citing *State v. Radi* (1991), 250 Mont. 155, 159, 818 P.2d 1203, 1206). If there is any doubt that a guilty plea was not voluntarily or intelligently made, the doubt must be resolved in favor of the defendant. *See Keys,* ¶ 12 (citing *State v. Enoch* (1994), 269 Mont. 8, 18, 887 P.2d 175, 181).

¶15 Pursuant to § 46-16-105(2), MCA, a court may for good cause shown, permit a defendant to withdraw a plea of guilty. *See Keys*, ¶ 11. To determine whether good cause was shown and whether the court abused its discretion, we consider the following factors: (1) the adequacy of the district court's interrogation at the time of the plea regarding the defendant's understanding of the consequences of the plea; (2) the fact that the plea was the result of a plea bargain in which the guilty plea was given in exchange for dismissal of another charge; and (3) the promptness with which the defendant attempted to withdraw the plea. *See Keys*, ¶ 11 (citing *State v. Johnson* (1995), 274 Mont. 124, 127-28, 907 P.2d 150, 152). Both parties agree that our determination of whether the District Court abused its discretion by denying Melone's motion to withdraw his plea depends on the adequacy of the court's interrogation at the time of the plea regarding Melone's understanding of the consequences of his plea.

¶16 We have stated that prior to accepting a guilty plea, the trial court must satisfy the requirements of §§ 46-12-210 and 46-16-105, MCA. *See State v. Roach*, 1999 MT 38, ¶ 9, 293 Mont. 311, ¶ 9, 975 P.2d 817, ¶ 9. Section 46-12-210(1)(a)(iii), MCA, provides, in relevant part, that "[b]efore accepting a plea of guilty or nolo contendere, the court shall determine that the defendant understands . . . the maximum penalty provided by law, *including the effect of any penalty enhancement provision*." (Emphasis added.) Section 46-16-105, MCA, provides, in relevant part, that a court may accept a plea of guilty or nolo contendere when "the court has informed the defendant . . . of the maximum penalty provided by law that may be imposed upon acceptance of the plea."

¶17 Upon a review of the court's oral questioning, we are convinced that the court did not adequately inform Melone of the maximum penalty Melone faced as a result of his change of plea. The court informed Melone that the maximum penalty he could receive for the offense of felony assault was "ten years in the Montana State Prison or a $50,000 fine."

The court also informed Melone that the weapon enhancement provision did not apply to his case. However, the court did not mention the fact that Melone faced a potential enhancement as a persistent felony offender of up to 100 years.

¶18 The State contends the fact that the prosecutor informed Melone of a possible persistent felony offender enhancement penalty immediately prior to the court's questioning of Melone is sufficient to cure any defect in the court's colloquy. Just prior to the court's oral questioning of Melone, the prosecutor stated that "[Melone] would still face the potential penalty as a repeat offender." This statement is insufficient to meet the requirements of § 46-16-105, MCA. The plain language of § 46-16-105(1)(b), MCA, expressly requires that *the court* inform the defendant of the maximum penalty that might be imposed as a result of the plea. The prosecutor's statement was insufficient because it was not information provided by the court, nor did it inform Melone of the maximum penalty he faced.

¶19 Nevertheless, to determine whether a trial court adequately informed a defendant regarding the consequences of his plea, we have reviewed not only the court's oral questioning of the defendant, but also the defendant's written acknowledgment. *See State v. Walker* (1986), 220 Mont. 70, 72-73, 712 P.2d 1348, 1350; *see also* § 46-12-210(2), MCA. In his acknowledgment, Melone states that "[t]he County Attorney's office also gave notice of Persistent Felony Offender Status *if the matter proceeded to trial*." (Emphasis added.) Melone also stated that "[m]y sentence can be enhanced or lengthened because I have a previous record of criminal offenses."

¶20 The statements in Melone's acknowledgment regarding the applicability of the persistent felony offender enhancement are insufficient to resolve our doubts regarding whether Melone was aware that his sentence could be enhanced by up to 100 years as a result of his plea. Rather, it appears that Melone was under the mistaken belief that he risked a persistent felony offender enhancement only if he proceeded to trial. As we have already noted, any doubt that a guilty plea was not voluntarily or intelligently made must be resolved in favor of the defendant. *See Keys*, ¶ 12.

¶21 Lastly, the State contends that Melone has not shown good cause to withdraw his plea because Melone received a persistent felony offender notice from the prosecution. We conclude that this notice does not comply with the express language of the statutes which govern a trial court's acceptance of a plea. This notice is not evidence that *the court determined* that Melone understood that the persistent felony offender enhancement was

applicable to his case as required by § 46-12-210(1)(a)(iii), MCA, nor is it evidence that *the court informed* the Defendant of the maximum possible penalty he faced as required by § 46-16-105(1)(b), MCA. Rather, the notice is simply evidence that the prosecutor informed Melone that the prosecution intended to seek a persistent felony offender enhancement.

¶22 We conclude that the District Court abused its discretion by denying Melone's motion to withdraw his guilty plea. The court did not adequately inform Melone of the applicability of the persistent felony offender enhancement or the maximum penalty Melone faced as a result of his plea as required by the statutes governing a district court's acceptance of a guilty plea.

¶23 We reverse and remand to the District Court to permit Melone to withdraw his plea.

/S/ JIM REGNIER

We Concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER

1. Section 45-5-202(3)(a), MCA (1997), actually provides for a sentence of up to 10 years in prison or a $50,000 fine, *or both*, for a felony assault conviction.