JUSTICE LEAPHART,
specially concurring.
¶41 I concur with the Court’s analysis on the question of legal duty and the question of proper venue. I specially concur that the District Court should have granted summary judgment on the question of whether the incident was foreseeable in the context of causation.
¶42 The Court employs two rationales for its conclusion that summary judgment was inappropriate as to whether there was foreseeability as to causation: (1) summary judgment is inappropriate where the credibility of a defendant’s affiant may be crucial to adjudication of a material fact, and (2) the evidence in the record raises questions of fact as to whether Shawn presented a foreseeable risk of injury to third persons. I agree with the Court’s conclusion that there was “sufficient evidence of Shawn’s irascible conduct on the day in question to raise a jury question as to whether Shawn posed a danger to those around her.” That rationale is more than a sufficient basis for denying summary judgment and the Court need go no further.
¶43 For the reasons set forth in my dissenting and concurring opinion in Mickelson v. Montana Rail Link, Inc., 2000 Mont. 111, [299 Mont. 446], 999 P.2d 985,1 disagree with the broad proposition that, any time a party’s motion for summary judgment is dependent upon the veracity of that party’s affiant, summary judgment is inappropriate. As I state in Mickelson, unless the party opposing summary judgment can raises an issue as to a material fact, summary judgment is appropriate. Summary judgment cannot be defeated (as in Mickelson) by raising a question as to credibility on a non-material, extraneous fact nor by merely assuming, without any basis for doing so, that affiant’s unchallenged testimony is, or may be, false.
CHIEF JUSTICE TURN AGE joins in the foregoing special concurrence.