No. 99-478

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 144N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

MICHAEL JOHN MARSHALL,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Kenneth Neill, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Rochelle D. Wilson, Attorney at Law, Great Falls, Montana

Chad Wright, Appellate Defender, Helena, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; Pamela P. Collins,

Assistant Attorney General, Helena, Montana

Brant Light, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs: April 12, 2001

Decided: August 3, 2001

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The Appellant, Michael John Marshall, was charged by Information filed in the District Court for the Eighth Judicial District in Cascade County with aggravated burglary and intimidation. Pursuant to a plea agreement, Marshall plead guilty to both charges and was sentenced to 40 years in the Montana State Prison. Five years later Marshall filed a petition for postconviction relief in which he alleged that his guilty plea should be set aside for failure of the District Court to properly inform him of the potential sentence and failure of the State to honor the plea agreement. Following a hearing, the District Court denied Marshall's petition. Marshall now appeals from the order of the District Court which denied his petition for postconviction relief. We affirm the order of the District Court.

¶3 The following issues are presented on appeal:

¶4 1. Did the District Court err when it found that Marshall voluntarily entered into the plea agreement?

¶5 2. Did the District Court err when it found that the prosecutor did not violate the plea agreement?

¶6 3. Did the District Court err when it concluded that designation as a dangerous offender and restrictions on parole eligibility in the same sentence are not inconsistent?

## FACTUAL BACKGROUND

¶7 The Appellant, Michael John Marshall, was charged by Information filed in the District Court for the Eighth Judicial District in Cascade County with aggravated burglary and aggravated kidnapping, both felonies, in violation of §§ 45-6-204(2)(b) and 45-5-303(1(c), MCA, on November 14, 1991. At his arraignment, Marshall appeared with counsel and plead not guilty to the charges alleged in the Information.

¶8 On March 27, 1992, Marshall requested a change of plea hearing pursuant to a plea agreement reached with the State. On May 12, 1992, the District Court held a change of plea hearing at which Marshall plead guilty to aggravated burglary and intimidation, felonies in violation of §§ 45-6-204(2)(b), MCA, and 45-5-203(1)(b), MCA, respectively. Concurrently, a plea agreement, an Acknowledgment and Waiver of Rights form signed by Marshall and his counsel, Julie Macek, and an order for a sentencing hearing were filed with the District Court.

¶9 The State filed its sentencing recommendation on June 15, 1992. For aggravated burglary, the State recommended 40 years in the Montana State Prison, designation as a dangerous offender, and restricted parole eligibility for the first 30 years. The State further recommended a concurrent 10 year sentence for the intimidation charge.

¶10 The District Court held a sentencing hearing on June 16, 1992. Following the hearing, the District Court sentenced Marshall to 40 years in the Montana State Prison on Count I and a concurrent 10 year sentence on Count II. The District Court also designated Marshall a dangerous offender and ordered him ineligible for parole for the first 30 years of his sentence. Finally, the District Court required that Marshall complete sex offender treatment as a condition to parole eligibility.

¶11 On June 16, 1997, Marshall filed a petition for postconviction relief. Marshall filed an amended petition on April 27, 1998. The District Court held an evidentiary hearing regarding Marshall's petition on October 1, 1998. On May 19, 1999, the District Court granted in part and denied in part Marshall's petition. The District Court amended Marshall's sentence to strike the requirement that he complete the sex offender program but otherwise affirmed the sentence previously imposed. Marshall now appeals from that portion of the District Court's order which denied his petition for postconviction relief.

## DISCUSSION

# ISSUE 1

¶12 Did the District Court err when it found that Marshall voluntarily entered into the plea agreement?

¶13 On appeal, Marshall contends that he was not aware that his parole eligibility could be restricted by the District Court and that his counsel was ineffective for failing to advise him of the State's sentencing recommendation. As a result, Marshall argues that his guilty plea was not entered voluntarily.

¶14 We review a district court's denial of a petition for postconviction relief to determine whether substantial evidence supports the findings and conclusions of the district court. *State v. Roach*, 1999 MT 38, ¶ 7, 293 Mont. 311, ¶ 7, 975 P.2d 817, ¶ 7.

¶15 A district court may permit a guilty plea to be withdrawn whenever the defendant shows good cause. *See* § 46-16-105(2), MCA. We consider three factors when reviewing a district court's decision to disallow withdrawal of a guilty plea: 1) the adequacy of the interrogation at the time the plea was entered to inform the defendant of the consequences of the plea; 2) whether the plea was the result of a plea bargain in which the plea was given in exchange for dismissal of a charge; 3) the promptness with which the defendant attempted to withdraw the plea. *State v. Keys*, 1999 MT 10, ¶ 11, 293 Mont. 81,¶ 11, 973 P.2d 812, ¶ 11.

¶16 We conclude that substantial evidence supports the District Court's decision to deny Marshall's request to withdraw his guilty plea. The record establishes that Marshall was aware of the State's sentencing recommendation prior to pleading guilty. Marshall signed the plea agreement and the acknowledgment of rights form. Although the signed plea agreement did not contain the State's sentencing recommendation, Julie Macek stated in her affidavit and testified at the hearing that Marshall demanded as part of any plea agreement that the State's sentencing recommendation not be included. Furthermore, we have held in *State v. Thomas* (1997), 285 Mont. 112, 946 P.2d 140, that prior notification of discretionary parole restriction, such as provided in § 46-18-202(2), MCA (1991), is unnecessary. And, although designation as a dangerous offender pursuant to § 46-18-404, MCA (1991), is non-discretionary, Macek testified and the District Court found that she discussed with Marshall the State's intention that he be designated a dangerous offender which would restrict his parole eligibility. Finally, the plea agreement stated that the "State remains free to make any recommendation at sentencing" and that "all parties understand

that the County Attorney's recommendation may not be binding upon the Court." Marshall testified that he understood that the District Court was the sole sentencing authority and that his counsel and the District Court both informed him of the maximum potential penalty for each offense charged. In light of the substantial evidence contained in the record, we conclude that the District Court did not err when it concluded that Marshall's guilty plea was entered knowingly and voluntarily.

## ISSUE 2

¶17 Did the District Court err when it found that the prosecutor did not violate the plea agreement?

¶18 Marshall next contends that the State violated the terms of the plea agreement when it offered testimony from the victim at the sentencing hearing concerning other offenses against the victim by Marshall. In the plea agreement, the State agreed that it would file no further charges based on conduct related to that victim.

¶19 Substantial evidence supports the District Court's finding that the plea agreement was not violated. Although the State elicited testimony which showed that Marshall had previously committed a similar offense against the same victim, no new charges were filed as a result of that testimony. Consequently, there is no basis for Marshall's claim that the State violated the plea agreement.

## ISSUE 3

¶20 Did the District Court err when it concluded that designation as a dangerous offender and restrictions on parole eligibility in the same sentence are not inconsistent?

¶21 Marshall argues that the District Court's dangerous offender designation pursuant to § 46-18-404(3), MCA (1991), and the restriction placed on his parole eligibility pursuant to § 46-18-202(2), MCA (1991), are inconsistent. Therefore, according to Marshall, the 30 year parole restriction must be vacated.

¶22 The District Court addressed a similar argument and noted that Marshall cited no authority to support his position. Consequently, the District Court concluded that nothing prevented the imposition of a sentence restricting Marshall's parole eligibility for 30 years rather than the 20 years provided pursuant to a dangerous offender designation.

¶23 We agree with the conclusion of the District Court. Marshall provides no legal basis for vacating the 30 year parole restriction. We decline to address an issue when the appellant fails to cite supporting authority. *See State v. Ellenburg*, 2000 MT 232, ¶ 49, 301 Mont. 289, ¶ 49, 8 P.3d 801, ¶ 49. Accordingly, the order of the District Court is affirmed.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART