FILED

05/30/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0195

DA 22-0195

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 102N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

JONATHAN WILLIAM PRESLEY,

       Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDC 2020-193
Honorable Michael F. McMahon, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Chad Wright, Appellate Defender, Jeavon C. Lang, Assistant Appellate
Defender, Helena, Montana

       For Appellee:

              Austin Knudsen, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

              Kevin Downs, Lewis and Clark County Attorney, Katie Jerstad, Deputy
County Attorney, Helena, Montana

                        Submitted on Briefs:  April 5, 2023

                                   Decided:  May 30, 2023

Filed:

                      _____
                                  Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion.  It shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Jonathan Presley appeals his conviction in the First Judicial District Court, arguing that his guilty plea was involuntary because of an advisement error regarding the maximum and minimum penalties he faced.  Because the prosecutor corrected the mandatory minimum error in open court with acknowledgment from the court and because Presley was sentenced to the minimum sentence, we conclude that there was no manifest miscarriage of justice warranting plain-error review and affirm Presley's sentence.

¶3     Presley has been required to register as a violent offender since 2010.  On April 6, 2020, the State charged Presley with failing to register, a felony offense.  Four days later, the State gave notice that it would seek to sentence Presley as a repeat persistent felony offender (PFO) under § 46-18-502(2), MCA, stating that he had been sentenced as a PFO before and had committed the failure-to-register offense within five years of his release from prison.  The notice advised Presley that "he could be imprisoned in the state prison for a term of not less than 10 years or more than 100 years . . ." and that, unless he met a statutory exception, "the imposition of the first *five years* of a sentence imposed under the statute may not be deferred or suspended."  (Emphasis added.)  The Montana statute for

sentencing repeat PFOs, however, provides that the first *ten years* may not be deferred or suspended. Section 46-18-502(3), MCA.

¶4 Presley appeared in court on August 5, 2020, to change his plea. Before Presley pleaded guilty, the District Court advised him of his rights in the following exchange:

> THE COURT: Initially, sir, are you aware of the maximum penalty which this Court can impose if you plead guilty to fail to register by a violent or sexual offender, a felony?
>
> (Discussion between Ms. O'Sullivan [Presley's counsel] and Mr. Presley)
>
> MR. PRESLEY: Yes.
>
> THE COURT: Mr. Presley?
>
> MR. PRESLEY: Yes.
>
> THE COURT: And you are aware of the maximum possible penalty is imprisonment of not more than *five years* and may be fined not more than 10,000 or both?
>
> MR. PRESLEY: Yes.

(Emphasis added.) The court then advised Presley of his right to a jury trial and various other rights he would be waiving. Presley confirmed he was satisfied with his attorney. The court then confirmed with Presley's counsel that Presley intended to make an open plea. At this point, the prosecutor, Katherine Jerstad, interjected and was recognized by the court:

> MS. JERSTAD: Thank you, Your Honor.
>
> Just with respect to the maximum possible punishment; I agree that under failing to register it is a five-year max.

3

> However, in this specific case the State did file a notice of intent to perceive [sic] as a persistent felony offender at sentencing and sentence the defendant as a persistent felony offender.
>
> And under the subsection having to do with his having been a persistent felony offender at the time of his last felony offense, I believe his minimum exposer [sic] in this case is *ten years* to the State prison.
>
> I just didn't -- I know that goes more to sentencing, but as far as advising him of the maximum exposure, I thought it would be important to recognize that.
>
> THE COURT: Thank you.

(Emphasis added.)  The court then found that Presley understood his rights, the charge against him, and the possible punishment.  The court accepted Presley's Alford plea to the single count of failing to register.

¶5   Five days later, Presley appeared for sentencing.  The prosecutor made a recommendation of a minimum of ten years to the Montana State Prison.  The court asked the prosecutor:

> THE COURT: Miss Jerstad, in the notice that was filed, it's indicated on page 3 that you state, "Except as provided in Montana Code Annotated 46-18-222, the imposition of the first five years of his sentence imposed under the statute may not be deferred or suspended."  And you rely upon 46-18-502(2) with respect to the PFO, and my review of that statute provides that it must run consecutive to any sentence.  But also, it's the all [sic] ten years cannot be suspended.  The first ten years, not the first five years.
>
> So I'm a little confused, and I am just asking for some direction from the State.

The prosecutor responded that the five-year unsuspended minimum stated in the notice was "an erroneous typo," explaining that the State intended to proceed under the repeat PFO statutory subsection and mistakenly had left in the five-year reference, which was to the

4

minimum for a first-time PFO sentence.  The prosecutor summed up, "It should be a ten-year minimum, and that's what the State's asking the Court to do in this case."  The court responded, "Thank you."  Presley's counsel followed with her sentencing recommendation.  She acknowledged that Presley was being sentenced as a repeat PFO under § 46-18-502(2), MCA, but recommended that the court find Presley met a statutory exception to the ten-year minimum due to his mental capacity.[1]  She asked the court to consider instead an eight-year concurrent sentence, a sentence of ten suspended years, or a sentence of ten years with five suspended.  The court sentenced Presley to ten unsuspended years in the Montana State Prison.

¶6    On appeal, Presley contends that his plea was involuntary because the District Court never directly informed Presley of the possible maximum and minimum penalties and thus violated constitutional protections and two Montana statutes, §§ 46-12-210(1)(a)(ii-iii) and 46-16-105(1)(a), MCA.  Presley asks this Court to exercise plain error review because he made no contemporaneous objection nor requested a withdrawal of plea.

¶7    "Unpreserved issues alleging violations of a fundamental constitutional right are reviewable under the common law plain error doctrine."  *State v. Valenzuela*, 2021 MT 244, ¶ 8, 405 Mont. 409, 495 P.3d 1061.  "Plain error review is appropriate when failure to review the alleged error 'may result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the proceedings, or compromise the integrity of the judicial process.'"  *Valenzuela*, ¶ 8 (citation omitted).

---

[1] Presley does not raise this argument on appeal.

5

¶8 We review the voluntariness of a plea de novo. *State v. Warclub*, 2005 MT 149, ¶ 24, 327 Mont. 352, 114 P.3d 254. Before accepting guilty pleas, courts are required to determine that the defendant understands the maximum and mandatory minimum penalty provided by law. Section 46-12-210(1)(a)(ii-iii), MCA; *see also* § 46-16-105(1), MCA (requiring courts to accept a guilty plea when a defendant enters it in open court and the court has informed the defendant of the consequences of the plea).

¶9 Our review of the record does not reveal that the claimed error undermined the fairness of the proceedings or that failure to review Presley's challenge may lead to a manifest miscarriage of justice. Both errors regarding the mandatory minimum that Presley describes—one in the PFO notice and one by the court during the change of plea hearing—were corrected by the State in open court. Before Presley entered his plea, the prosecutor corrected the court's recitation of the failure-to-register penalty by stating explicitly that Presley's minimum exposure was ten years as a repeat PFO. The court acknowledged the correction and went on to find that Presley understood the penalties he faced. At sentencing, the court asked about the error in Presley's notice and the prosecutor again clarified that Presley faced a minimum of ten years. Although the court never stated the maximum sentence for a repeat PFO (100 years), the maximum was accurately stated in the State's notice, the State only ever recommended the minimum sentence, and ultimately Presley received the minimum sentence. At all relevant times, Presley was represented by counsel, who indicated no misunderstanding about the possible penalties. There is no indication that, had the court repeated the prosecutor's statement or further articulated the penalties, Presley would not have pleaded guilty and would have insisted on going to trial.

6

*See State v. Winzenburg*, 2022 MT 242, ¶¶ 23-26, 411 Mont. 65, 521 P.3d 752 (holding that where a district court advised a defendant that he faced a two-year mandatory minimum for robbery rather than a five-year mandatory minimum for a PFO penalty, the defendant's waiver of counsel was knowingly entered in part because the court informed the defendant that the sentencing options would change once the State filed the PFO notice and because the defendant was represented by counsel when the defendant received the notice).

¶10     Presley's citations to our decisions in *State v. Melone* and *State v. Roach* are not persuasive. In *Melone*, the defendant received a PFO notice, but during his change-of-plea hearing he was advised of only the penalty for the underlying offense and the prosecutor made the indefinite comment that he "would still face the potential penalty as a repeat offender." 2000 MT 118, ¶ 18, 299 Mont. 442, 2 P.3d 233. We held that "[t]he prosecutor's statement was insufficient because it was not information provided by the court, nor did it inform [the defendant] of the maximum penalty he faced." *Melone*, ¶ 18. In *Roach*, the district court misstated the maximum penalty for a felony charge and misstated that the sentences for two felony charges would run concurrently instead of consecutively. *State v. Roach*, 1999 MT 38, ¶ 11, 293 Mont. 311, 975 P.2d 817. We held that the errors meant that the defendant had not knowingly entered his plea. *Roach*, ¶ 17. Here, however, Presley was on notice that he was being charged as a repeat PFO with a possible sentence of 10-100 years and heard in open court before entering his plea—stated by the prosecutor and acknowledged by the court—that he faced a mandatory minimum of ten unsuspended years.

¶11     We agree with Presley that the court could have been clearer in following up with him regarding the sentence he faced.  Presley alludes to the record evidence regarding his cognitive delays, but his statements of confusion in the record appear to pertain to various charges in a separate case and not to his possible sentence for failing to register.  The court made several attempts to accommodate Presley's mental status by continuing sentencing to review Presley's mental evaluation, informing Presley that if he was unsure how to respond to questions that he could consult quietly with counsel before answering, and ensuring that Presley understood the contents of his presentence investigation report and mental health evaluation despite Presley's difficulty reading.  Presley's ten-year sentence on these facts does not compromise the fairness and integrity of the judicial process; we accordingly decline to exercise plain-error review.  *See Valenzuela*, ¶ 10.

¶12     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  Presley has not satisfied the plain-error threshold for his claim; the judgment is affirmed.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE