No. 95-292

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

FILED

DEC 19 1995

STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

DEAN GARY CHRISTENSEN,

       Defendant and Appellant.

APPEAL FROM:  District Court of the Fifteenth Judicial District,
In and for the County of Sheridan,
The Honorable Richard G. Phillips, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

         Laura Christoffersen, Christoffersen & Knierim, Wolf
Point, Montana

      For Respondent:

         Joseph P. Mazurek, Attorney General, Pamela P.
Collins, Assistant Attorney General, Helena,
Montana; Steven Howard, Sheridan County Attorney,
Plentywood, Montana

Submitted on Briefs: November 30, 1995

Decided: December 19, 1995

Filed:

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Appellant Dean Gary Christensen appeals from the order of the Fifteenth Judicial District Court, Sheridan County, dismissing his petition for post-conviction relief.

We affirm.

The dispositive issue on appeal is whether Christensen's petition for post-conviction relief is procedurally barred by § 46-21-105(2), MCA.

In May of 1991, Christensen was arrested and charged with reckless driving and operation of a motor vehicle by a habitual traffic offender. After a bench trial on December 23, 1991, the District Court found Christensen guilty of both charges, and Christensen did not appeal his conviction.

In his petition for post-conviction relief, Christensen contended that he had never waived his constitutional right to a jury trial. He further contended that he did not appeal this issue within the statutorily mandated period because both his attorney and the judge wrongly told him that no appeal could be taken from a city court bench trial.

Christensen filed a petition for post-conviction relief after the time allotted for direct appeal had elapsed. His petition for post-conviction relief initially was dismissed on different procedural grounds. Christensen appealed that dismissal to this Court, and we remanded the matter to the District Court for further proceedings. See State v. Christensen (1994), 265 Mont. 374, 877 P.2d 468.

After an April 5, 1995 hearing, the District Court found that Christensen had knowingly waived his right to a trial by jury. The court further found that Christensen had been properly advised of his right to appeal the issue but chose not to do so. The District Court therefore dismissed Christensen's petition, and Christensen appeals.

A convicted defendant who believes he received a sentence which is invalid for jurisdictional, constitutional, or other legal reasons may file a petition for post-conviction relief. Section 46-21-101, MCA. However, § 46-21-105(2), MCA, provides:

> When a petitioner has been afforded a direct appeal of the petitioner's conviction, grounds for relief that could reasonably have been raised on direct appeal may not be raised in the original or amended petition [for post-conviction relief].

Citing this statute, the State contends that Christensen may not petition for post-conviction relief based on his allegation that he had not waived his right to a jury trial, because this issue could have been raised by a direct appeal.

Christensen contends that he did not address the issue in a direct appeal because both his lawyer and the presiding judge told him that he had no right to appeal a city court bench trial. Christensen asserts that by the time he found out he had a right to appeal his city court conviction, the time allotted for an appeal had passed. The State denied that Christensen was ever told by either his attorney or the judge that he had no right to appeal.

The standard of review of a district court's denial of a petition for post-conviction relief is whether substantial evidence

3

supports the court's findings and conclusions.   State v. Baker (Mont. 1995), 901 P.2d 54, 58, 52 St.Rep. 735, 737; State v. Coates (1990), 241 Mont. 331, 336, 786 P.2d 1182, 1185.   Because the statements of the appellant, his attorney and the presiding judge at the city court where he was convicted are in direct conflict, the District Court was required to determine the credibility of the witnesses and to rule accordingly.   We have noted that "[i]f the evidence conflicts, it is within the province of the trier of fact to determine which shall prevail."   State v. Medina (1990), 245 Mont. 25, 361,  798 P.2d 1032, 1038 (citing State v. Brown (1989), 239 Mont. 453, 781 P.2d 281).   Further, the determination of the trier of fact regarding the credibility of witnesses will not be disturbed on appeal.   State v. Moreno (1990), 241 Mont. 359, 361, 787 P.2d 334, 336.

At the hearing on the post-conviction petition, the District Court heard testimony from Christensen, the attorney, and the city court judge. The District Court found the testimony of the attorney and the judge to be more credible than Christensen's, and further found that Christensen had been properly advised of his right to appeal.   Christensen points to no evidence which would indicate that the District Court's determination regarding credibility was erroneous.   We see no error in the District Court's findings. Since Christensen could have raised this issue in a direct appeal, he is prohibited by § 46-21-105(2), MCA, from raising it in a post-conviction petition.

4

Christensen further argues that the procedural bar of § 46-21-105(2), MCA, is not absolute. He contends that arguments in favor of its imposition are "technical" and "esoteric," and that this Court should refuse to impose the bar if a constitutional right is potentially at risk.

The procedural bar set out in § 46-21-105(2), MCA, serves to prevent abuses of the post-conviction process and to preserve the integrity of the trial and the direct appeal procedure. In re Petition of Manula (1993), 263 Mont. 166, 866 P.2d 1127. Because the procedural bar is mandated by statute, it is not something we may impose or decline to impose at will. However, this Court may refuse to apply the procedural bar if a petitioner "can demonstrate a fundamental miscarriage of justice." Baker, 901 P.2d at 59.

Christensen must demonstrate a fundamental miscarriage of justice; it is not enough merely to allege one. In this case, the District Court found that Christensen knew of his right to appeal but chose not to do so. Christensen points to no evidence which indicates that this factual finding of the District Court was erroneous. He has not shown that application of the procedural bar has or would result in a fundamental miscarriage of justice. Accordingly, the dismissal of his petition for post-conviction relief is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

Justices

December 19, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Laura Christoffersen
CHRISTOFFERSEN & KNIERIM, P.C.
Box 997
Wolf Point MT 59201-0997

Hon. Joseph P. Mazurek, Attorney General
    , Assistant
215 N. Sanders
Helena MT 59620

Steven Howard
Sheridan County Attorney
Sheridan County Courthouse
Plentywood MT 59254

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _S. Gallagher_
Deputy