No. 96-208

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

Plaintiff and Respondent,

v.

PHILLIP DANIEL SARVER,

Defendant and Appellant.



APPEAL FROM: District Court of the Fifth Judicial District,
In and for the County of Jefferson,
The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Phillip Daniel Sarver, Deer Lodge, Montana (pro se)

For Respondent:

Joseph P. Mazurek, Attorney General, Patricia J.
Jordan, Assistant Attorney General, Helena, Montana;
Valerie D. Wilson, Jefferson County Attorney,
Boulder, Montana

Submitted on Briefs: February 20, 1997

Decided: March 11, 1997

Filed:

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Appellant Phillip Daniel Sarver (Sarver) appeals the decision of the Fifth Judicial District Court, Jefferson County, denying his petition for post-conviction relief. We affirm.

The sole issue raised on appeal is whether the District Court erred in denying Sarver's petition for post-conviction relief.

In 1987, Sarver was convicted of three counts of felony theft. The District Court sentenced Sarver to three concurrent ten-year terms, but suspended the sentences provided he comply with standard probation conditions.

In 1991, the State filed a petition to revoke Sarver's suspended sentence because Sarver had violated the conditions of his probation. On April 25, 1993, the District Court held a hearing on the petition to revoke probation. Sarver was present at this hearing with counsel, and he admitted to some, if not all, of the probation violations asserted. The District Court then revoked his suspended sentence and reimposed the sentence of three concurrent ten-year terms to be served in the Montana State Prison, less time served. Sarver did not appeal the revocation of his probation.

2

On March 22, 1996, Sarver filed a petition for post-conviction relief with the District Court, which the court summarily denied. Sarver now appeals the denial of his petition for post-conviction relief.

On appeal, Sarver asserted the following alleged errors in support of his petition for post-conviction relief:

1.  The District Court's summary denial of his petition for post-conviction relief indicated a lack of deliberation and resulted in this Court lacking a fully developed record with which to consider this appeal.

2.  In resentencing him, the District Court failed to credit Sarver with the time elapsed while on probation, or to set forth reasons for refusing to do so.

3.  The District Court lost the jurisdictional authority to revoke Sarver's probation due to the lapse of four years between imposition of the original sentence and the State's petition to revoke the same.

The State responds that Sarver is prohibited from raising any of the above-listed alleged errors in a petition for post-conviction relief because he could have raised all these issues in a direct appeal but did not do so. The State therefore contends that the District Court's summary denial of Sarver's petition was proper because his petition was and is procedurally barred.

Section 46-21-101, MCA, allows a convicted individual to file a petition for post-conviction relief if he or she believes the sentence received is invalid for jurisdictional, constitutional, or

3

other legal reasons. State v. Christensen (1995), 274 Mont. 326, 328, 907 P.2d 970, 971. However,

> [w]hen a petitioner has been afforded a direct appeal of the petitioner's conviction, grounds for relief that could reasonably have been raised on direct appeal may not be raised in the original or amended petition.

Section 46-21-105(2), MCA.

The State asserts that Sarver could have raised the two issues which relate to the court's revocation of his probation by directly appealing that revocation. Since he did not do so, the State contends that his petition is procedurally barred by § 46-21-105(2), MCA.

Sarver responds by arguing that § 46-21-105(2), MCA, does not require a petitioner to have raised all possible issues in a direct appeal. Rather, Sarver argues:

> Section 46-21-105(2), MCA, would prevent, or bar, a petitioner from raising additional issues in a subsequent petition that could have been raised in an original petition. It is obvious that the legislature's intent was not to bar a petitioner from filing post-conviction simply because he had an opportunity to file a direct appeal. Rather, § 46-21-105(2), MCA, is to require a petitioner to include all issues in an original petition, thus preventing the filing of successive and subsequent petitions which include other, not previously presented issues which could have been raised in the original petition. To [hold] otherwise would void the post-conviction act, in that nobody would ever be able to file a post-conviction petition as most, if not all, cases have the opportunity to file a direct appeal.

(Emphasis added.) Sarver misreads the statute.

We have repeatedly held that § 41-21-105(2), MCA, bars a petitioner from raising in a petition for post-conviction relief those issues which could have been raised by direct appeal. See Christensen, 907 P.2d 970; Vernon Kills On Top v. State (1996), 928

4

P.2d 182, 53 St.Rep. 1197; State v. Moorman (1996), 928 P.2d 145, 53 St.Rep. 1173; In re the Petition of Manula (1993), 263 Mont. 166, 866 P.2d 1127. This rule "preserves the integrity of the trial and direct appeal and prevents abuse of the post-conviction relief process." Moorman, 928 P.2d at 148 (citing State v. Gorder (1990), 243 Mont. 333, 792 P.2d 370). It also accomplishes the stated purpose of the post-conviction relief statutes, which is

> to bring together and consolidate into one simple statute all the remedies, beyond those that are incident to the usual procedures of trial and review, which are at present available for challenging the validity of a sentence of imprisonment.

Commission Comments to § 46-21-101, MCA (emphasis added). Moreover, § 46-21-105(2), MCA, by its plain language, bars any claims which could have been raised in a direct appeal, not merely those which could have been raised in an earlier post-conviction petition.

We agree that the legislature did not intend to bar an individual from filing a post-conviction relief petition merely because he or she has already been afforded an appeal, and, indeed, that is not the effect of the provision in question. Rather, § 46-21-105(2), MCA, prevents duplication of litigation and reinforces the importance of the direct appeal by requiring a defendant to raise all possible alleged errors in an appeal. An individual who was afforded a direct appeal may still file a petition for post-conviction relief and assert any grounds which could not have been raised in the appeal.

5

Sarver argues that this interpretation effectively "voids" the post-conviction relief provisions of the Montana code because "nobody would ever be able to file a post-conviction petition as most, if not all, cases have the opportunity to file a direct appeal." Again, Sarver misreads the statute. Section 46-21-105(2), MCA, does not prohibit a defendant who has been afforded an appeal from filing a petition for post-conviction relief; it merely requires that the defendant first raise all possible arguments in a direct appeal. If he or she fails to do so, the arguments which could have been presented on appeal will not be heard in a petition for post-conviction relief.

The State is correct in asserting that Sarver's arguments are procedurally barred by § 46-21-105(2), MCA, and, therefore, the District Court did not err in dismissing the petition.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

6

March 11, 1997

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Phillip Daniel Sarver
Inmate, Montana State Prison
700 Conley Lake Road
Deer Lodge MT 59722

Hon. Joseph P. Mazurek, Attorney General
Patricia J. Jordan, Assistant Attorney General
215 N. Sanders
Helena MT 59620

*Hand Delivered*

Valerie Wilson
Jefferson County Attorney
Box H
Boulder MT 59632

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy