96-553

No.  96-553

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA,

Plaintiff and Respondent,

v.

JIMMY RAY BROMGARD,

Defendant and Appellant.


APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

William F. Hooks, Appellate Defender Office, Helena, Montana

For Respondent:

Joseph P. Mazurek, Attorney General, John Paulson, Assistant Attorney
General, Helena, Montana; Dennis Paxinos, Yellowstone County Attorney,
Josh Van De Wetering, Deputy Yellowstone County Attorney, Billings,
Montana


Submitted on Briefs: April 17, 1997

Decided: October 21, 1997
Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Jimmy Ray Bromgard (Bromgard), appeals an order of the District Court for the Thirteenth Judicial District, Yellowstone County, denying his second petition for post-conviction relief.  We affirm.

We address the following issues on appeal:

1.  Did the District Court err in determining that Bromgard could have raised his claim of jury misconduct in his original petition for post-conviction relief?

2.  Did the District Court err in failing to determine whether Bromgard's claim of ineffective assistance of counsel could have been raised in his original petition for post-conviction relief?

Factual and Procedural Background

On November 19, 1987, Bromgard was convicted by a jury of three counts of felony sexual intercourse without consent.  He was sentenced by the District Court on December 11, 1987, to three concurrent terms of 40 years at the Montana State Prison.

Bromgard was represented by appointed counsel throughout the proceedings.

Bromgard's counsel filed a notice of appeal on December 28, 1987, however, no brief was ever filed.  This Court dismissed the appeal on August 30, 1988, for failure to file appellant's brief or a memorandum in compliance with Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.

On March 29, 1991, Bromgard filed a pro se petition for post-conviction relief with this Court.  The petition was a fill-in-the-blank document available to inmates at the prison.  In his petition, Bromgard raised seven grounds for relief including a claim that his counsel had rendered ineffective assistance by failing to perfect his appeal.  Bromgard also alleged that several jurors were prejudiced against him.  In support of this claim he referred to a Billings Gazette article, published the day after his trial, which claimed that several jurors were convinced of his guilt on the second day of the three-day trial after they heard evidence relating to hair samples.

On May 15, 1991, this Court issued an order denying relief on six of the seven claims alleged in Bromgard's petition and remanding the case to the District Court on the seventh claim, ineffective assistance of counsel.  Complying with this Court's instructions to appoint counsel to review the records and determine if there were any meritorious issues, the District Court appointed new counsel on June 5, 1991.  However, on August 24, 1992, by order of this Court, counsel from the Montana Appellate Defender's

office was substituted as counsel of record. On November 10, 1992, counsel moved this Court to set aside the August 30, 1988 order dismissing Bromgard's appeal. We granted counsel's motion to file an out-of-time direct appeal.

On December 11, 1992, while Bromgard's appeal was pending, counsel filed a second petition for post-conviction relief alleging that the jury had engaged in misconduct during deliberations and that trial counsel was ineffective for failing to protect Bromgard's rights with regard to the jurors' actions. The misconduct allegation stemmed from the same newspaper article that formed a basis for Bromgard's original petition for post-conviction relief. In that article, the Billings Gazette reported that during deliberations the jurors conducted an experiment intended to recreate the lighting conditions existing at the time of the attack. The victim had testified that even though it was dark in her room, she could see that her assailant was wearing brown pants. Bromgard had asserted throughout the trial that he did not own a pair of brown pants and that he usually wore jeans. The purpose of the jurors' experiment was to test whether they could discern a difference between a pair of brown pants worn by one juror and the jeans worn by another juror in lighting conditions similar to those described by the victim.

Bromgard alleged in his petition that the conduct of the jury in experimenting during deliberations constituted jury misconduct which entitled Bromgard to a new trial. In addition, Bromgard alleged that trial counsel's failure to take any action with regard to this experimentation denied Bromgard the opportunity to present this misconduct to the court by way of a motion for a new trial or other appropriate relief.

On November 2, 1993, this Court affirmed Bromgard's conviction. State v. Bromgard (1993), 261 Mont. 291, 862 P.2d 1140 (Bromgard I). The post-conviction matter, which had been held in abeyance in the District Court pending resolution of the appeal, was resumed. On September 21, 1994, the District Court entered an order denying post-conviction relief. The court concluded that Bromgard's petition was procedurally barred because Bromgard knew about the jury experimentation before he filed his direct appeal and the issue could have been raised at that time.

Bromgard appealed and this Court vacated the District Court's order holding that the issues raised in Bromgard's second petition for post-conviction relief could not have been raised in the direct appeal as evidence of the jury's misconduct was not part of the District Court record and we do not consider on appeal facts that are not found in the record. State v. Bromgard (1995), 273 Mont. 20, 901 P.2d 611 (Bromgard II). We remanded the case to the District Court for an evidentiary hearing on the issue of whether Bromgard could reasonably have raised in his original petition for post-conviction

relief
the claims that were alleged in his second petition.

An evidentiary hearing was held on November 9, 1995. On June 6, 1996, the District Court denied Bromgard's second petition determining that, under õ 46-21-105 (1), MCA, Bromgard was procedurally barred from raising the issue of jury misconduct in his second petition for post-conviction relief as he could reasonably have raised that issue in his original petition. Bromgard now appeals the District Court's Order.

Issue 1.

Did the District Court err in determining that Bromgard could have raised his claim of jury misconduct in his original petition for post-conviction relief?

The standard of review of a district court's denial of a petition for post-conviction relief is whether substantial evidence supports the court's findings and conclusions. State v. Christensen (1995), 274 Mont. 326, 328-29, 907 P.2d 970, 971 (citing State v. Baker (1995), 272 Mont. 273, 280, 901 P.2d 54, 58; State v. Coates (1990), 241 Mont. 331, 336, 786 P.2d 1182, 1185). Moreover, we will not overturn a district court's legal conclusions if its interpretation of the law is correct. Mothka v. State (Mont. 1997), 931 P.2d 1331, 1332, 54 St.Rep. 122, 123 (citing Wagner v. State (1995), 270 Mont. 26, 28, 889 P.2d 1189, 1190, cert. denied ___ U.S. ___, 116 S.Ct. 101, 133 L.Ed.2d 55).

The District Court determined that, pursuant to õ 46-21-105, MCA, Bromgard was procedurally barred from raising the issue of jury misconduct in his second petition for post-conviction relief as he could reasonably have raised that issue in his original petition.

At the time Bromgard filed his original petition, õ 46-21-105, MCA, provided, in pertinent part:

All grounds for relief claimed by a petitioner under this chapter must be raised in his original or amended petition. Any grounds not so raised are waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

Other than some minor changes in style made by the 1991 Legislature, the statute quoted above is essentially the same as the statute in effect when Bromgard filed his second petition for post-conviction relief. The Commission Comments to õ 46-21-105, MCA, provide:

The object of this section is to eliminate the unnecessary burden placed upon the courts by repetitious or specious petitions. It is highly desirable that a petitioner be required to assert all his claims in one petition.

Unless good cause is shown why he did not assert all his claims in the original petition, his failure to so assert them constitutes a waiver. The

way is left open, however, for a subsequent petition if the court finds grounds for relief that could not reasonably have been raised in the original petition.  [Emphasis added.]

Bromgard argues that the issue of jury misconduct could not reasonably have been raised in his original petition for post-conviction relief because, although he had read the Billings Gazette article the day after his trial and thus knew of the jurors experiment prior to the time he filed his original petition, he was not aware of the legal significance of that experimentation.  He maintains that since he was housed in the maximum security unit at the prison, he did not have direct access to legal materials and that his lack of legal awareness was sufficient to establish "good cause" for failing to include the claim in his original petition.  He asserts that his failure to include his claim of jury misconduct in his original petition for post-conviction relief should be excused because he was not represented by counsel at the time he filed his original petition.

The District Court likened the operation of õ 46-21-105, MCA, to civil statutes of limitation wherein the accrual of a claim, for purposes of commencing the limitations period, often occurs when the claimant has (or reasonably should have) knowledge of the facts which would support the claim, without regard to whether the claimant is aware of the legal significance of the facts.  See Title 27, chapter 2, Montana Code Annotated.

The court found that Bromgard's lack of knowledge of the law did not excuse his failure to include the issue of jury misconduct in his original petition for post-conviction relief.

A post-conviction relief procedure is civil in nature and there is no constitutional requirement that counsel be appointed.  Petition of Martin (1989), 240 Mont. 419, 420, 787 P.2d 746, 747 (citing Pennsylvania v. Finley (1987), 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539).  An appellant appearing pro se in appealing the denial of his petition for post-conviction relief will be held to the same standards as any appellate attorney.  State v. Henricks (1983), 206 Mont. 469, 474, 672 P.2d 20, 23, overruled on other grounds by Kills on Top v. State (1995), 273 Mont. 32, 901 P.2d 1368.

At the evidentiary hearing, Bromgard admitted having read the newspaper article the day after his trial and remembering it clearly enough to assert a claim of juror bias in his original petition for post-conviction relief.  Moreover,  the fill-in the blank document that Bromgard used for his original petition for post-conviction relief

clearly cautions pro se petitioners that if they fail to set forth all grounds for relief in their petition, they "may be barred from presenting additional grounds at a later date." A post-conviction relief petitioner bears the risk of waiving a claim by failing to comply with the procedural obligations arising from knowledge of that claim's underlying factual basis. See õ 46-21-105(1), MCA; Blaney v. Gamble (1994), 266 Mont. 51, 53, 879 P.2d 51, 52-53.

We agree with the District Court's conclusion that Bromgard failed to show good cause why he could not reasonably have included his claim of jury misconduct in his original petition for post-conviction relief. Accordingly, we hold that the District Court did not err in determining that Bromgard was procedurally barred from raising the issue of jury misconduct in his second petition for post-conviction relief as he could reasonably have raised that issue in his original petition.

Issue 2.

Did the District Court err in failing to determine whether Bromgard's claim of ineffective assistance of counsel could have been raised in his original petition for post-conviction relief?

Bromgard contends that since the District Court failed to consider whether his claim of ineffective assistance of counsel could reasonably have been raised in his original petition for post-conviction relief, this case should be remanded for consideration of this issue. Bromgard argues that, in the alternative, we should find that this claim could not reasonably have been raised in the original petition and remand the case for consideration of the merits of Bromgard's claim.

Since Bromgard's claim of ineffective assistance of counsel is derived entirely from his claim of jury misconduct, the District Court's ruling on the ineffective assistance of counsel claim is implicit in the court's order. Nevertheless, in his original petition for post-conviction relief, Bromgard raised other instances of ineffective assistance of counsel. Because Bromgard was aware at the time he filed his original petition that his trial attorney did not challenge the jury misconduct claim in any post-trial motions, Bromgard could have and should have raised this claim in his original petition for post-conviction relief along with the other claims of ineffective assistance of counsel.

Affirmed.

/S/ JAMES C. NELSON


We Concur:

/S/ J. A. TURNAGE
/S/ KARLA M. GRAY
/S/ WILLIAM E. HUNT, SR.
/S/ JIM REGNIER