No. 01-312

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 202

STATE OF MONTANA,

          Respondent and Respondent,

   v.

LARRY ADAMS,

          Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
                     In and for the County of Ravalli,
                     The Honorable Jeffrey H. Langton, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

           Larry Adams, Deer Lodge, Montana (pro se)

       For Respondent:

           Mike McGrath, Montana Attorney General, Pamela P. Collins, Assistant
        Montana Attorney General, Helena, Montana; George H. Corn, Ravalli
   County Attorney, Hamilton, Montana

Submitted on Briefs: March 21, 2002

Decided: September 5, 2002

Filed:

_____

                         Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Following a jury trial in the Twenty-First Judicial District Court, Ravalli County, Appellant Larry Adams was convicted of aggravated assault, criminal possession of dangerous drugs, criminal possession of drug paraphernalia, and possession of a switchblade knife.  Adams filed a petition for postconviction relief which raised ineffective assistance of counsel and a constitutional challenge to his enhanced sentence for the use of a dangerous weapon during the commission of the aggravated assault. The District Court denied Adams' petition and Adams appeals.  We reverse.

¶2    The sole issue on appeal is whether the District Court erred when it denied Adams' petition for postconviction relief.

### FACTUAL AND PROCEDURAL BACKGROUND

¶3    On October 2, 1998, the State charged Adams by information with attempted deliberate homicide, a felony, in violation of § 45-4-103, MCA; obscuring the identity of a machine, a misdemeanor, in violation of § 45-6-326, MCA; possession of a switchblade knife, a misdemeanor, in violation of § 45-8-331, MCA; criminal possession of dangerous drugs, a felony, in violation of § 45-9-102, MCA; and criminal possession of drug paraphernalia, a misdemeanor, in violation of § 45-10-103, MCA.  With the aid of his court-appointed counsel, Adams pled not guilty to all of the charges on October 28, 1998.  On May 20, 1999, Adams' counsel filed a motion to withdraw which the District Court subsequently granted.  Adams agreed to

2

waive his right to a speedy trial until substitute counsel could proceed. The District Court appointed substitute counsel for Adams in approximately June of 1999.

¶4 The case proceeded to a jury trial on September 20, 1999. On September 21, 1999, the jury found Adams guilty of aggravated assault, a lesser included offense of attempted deliberate homicide; not guilty of obscuring the identity of a machine; guilty of possession of a switchblade knife; guilty of criminal possession of dangerous drugs; and guilty of criminal possession of drug paraphernalia. Following a sentencing hearing on December 1, 1999, the District Court sentenced Adams to twenty years in the Montana State Prison for the aggravated assault conviction, five years in the Montana State Prison for the criminal possession of dangerous drugs conviction; six months in the Ravalli County Detention Center for the possession of a switchblade knife conviction; and six months in the Ravalli County Detention Center for the possession of drug paraphernalia conviction. Pursuant to § 46-18-221, MCA, the District Court sentenced Adams to an additional ten years in the Montana State Prison for using a "dangerous weapon" during the commission of the aggravated assault. The District Court ordered the sentences to run consecutively and precluded Adams from parole eligibility until he attained the age of sixty-five.

¶5 On February 24, 2000, Adams' attorney drafted a letter to Adams which stated:

> [U]pon reviewing your case, I do not believe that we have
> a reasonable basis for an appeal. If you still want to
> appeal your case you need to contact Mr. William Hooks of
> the state appellate defender office in Helena, Montana,
> who will review your case for any possible appellate

3

> issues.  Also, you need to file any notice of your appeal to the Montana Supreme Court within ten days after you receive this copy of your judgement.

On March 1, 2000, Adams' counsel filed a motion entitled "Defense Attorney's Motion to be Removed as Counsel of Record" which insisted that "no reasonable avenues of appeal" existed.  The District Court ordered Adams to respond to his attorney's motion within ten days of receiving service of the motion.  Adams failed to respond to the motion and on March 29, 2000, the District Court removed Adams' attorney as counsel of record.

¶6   On October 16, 2000, Adams, acting pro se, filed a petition for postconviction relief in the District Court.  Adams' petition alleged ineffective assistance of his original court-appointed counsel due to that attorney's failure to file a motion to dismiss for lack of a speedy trial.  Adams' petition also alleged ineffective assistance of his subsequently appointed trial counsel for (1) offering a lesser included instruction on aggravated assault to the jury and (2) failing to  file an appeal to this Court following Adams' convictions.  Finally, Adams' petition alleged that the District Court imposed the sentence enhancement for use of a dangerous weapon in violation of his constitutional rights.  Therefore, Adams requested that the District Court set aside the aggravated assault conviction and sentence enhancement. On January 3, 2001, the District Court denied Adams' petition for postconviction relief.  Adams appeals.

**STANDARD OF REVIEW**

4

¶7 We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Hanson*, 1999 MT 226, ¶ 9, 296 Mont. 82, ¶ 9, 988 P.2d 299, ¶ 9.

## DISCUSSION

¶8 Did the District Court err when it denied Adams' petition for postconviction relief?

¶9 Adams argues that § 46-8-103, MCA, clearly requires that appointed counsel continue representation until final judgment, which includes appellate review by this Court, unless counsel is relieved by court order. Adams recognizes that the District Court entered an order purporting to relieve his attorney of continued representation. However, Adams maintains that his attorney failed to comply with the mandatory statutory procedure for withdrawal from appointed representation. Therefore, Adams insists that the withdrawal was ineffective, and that his attorney was therefore obligated to pursue a direct appeal. He further contends that his attorney's failure to pursue a direct appeal constitutes ineffective assistance of counsel. Consequently, Adams claims that he should not have been barred from raising the relevant issues for review in postconviction relief proceedings.

¶10 The District Court cited § 46-21-105(2), MCA, and *Kills on Top v. State* (1995), 273 Mont. 32, 901 P.2d 1368, for the proposition that claims which could reasonably have been raised on direct appeal are procedurally barred from consideration in postconviction proceedings. The District Court noted that Adams had sixty days

from the entry of judgment to file a direct appeal pursuant to Rule 5(b), M.R.App.P. The District Court determined that "Adams failed to file an appeal to the Montana Supreme Court within the specified 60-day period, and furthermore, has offered the Court no reasons for his failure to do so." Therefore, the District Court concluded that Adams is "barred from making his claim for postconviction relief."

¶11 We are aware of the principle contained in § 46-21-105(2), MCA, that "grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a [postconviction relief] proceeding . . . ." However, this principle must be observed in conjunction with a defendant's right to the effective assistance of counsel on a first appeal. *See Hans v. State* (1997), 283 Mont. 379, 408, 942 P.2d 674, 691-92.

¶12 Section 46-8-103(1), MCA, governs the duration of appointed representation as follows:

> When counsel has been assigned, the assignment is effective until final judgment, including any proceeding upon direct appeal to the Montana supreme court, unless relieved by order of the court that assigned counsel or that has jurisdiction over the case.

Section 46-8-103(2), MCA, is a codification of the *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, procedure which appointed counsel must undertake to withdraw from appellate representation. It provides:

> If counsel finds the defendant's case on appeal to be wholly frivolous, counsel shall advise the court of that fact and request permission to withdraw. The request to withdraw must be accompanied by a memorandum

6

> referring to anything in the record that might arguably support the appeal. The defendant is entitled to receive a copy of counsel's memorandum and to file a reply with the court.

Section 46-8-103(2), MCA. In *State v. Rogers*, 2001 MT 165, ¶ 27, 306 Mont. 130, ¶ 27, 32 P.3d 724, ¶ 27, we stated that "[f]ollowing the *Anders* procedure protects a defendant's right to effective assistance of counsel on appeal." A logical extension of this statement is the converse notion, i.e., a failure to follow the *Anders* procedure frustrates the right to effective assistance of counsel on appeal.

¶13 As indicated above, Adams' trial counsel filed a motion to withdraw on March 1, 2000. This same attorney also drafted a letter advising Adams to contact the Appellate Defender's Office in the event he wanted to pursue an appeal. On March 7, 2000, the District Court ordered Adams to respond to his attorney's motion. Adams failed to respond to the motion and the District Court removed Adams' attorney from the case on March 29, 2000. The State contends that Adams sufficiently understood the consequences of inaction and had ample opportunity to preserve his right to direct appeal. Since Adams failed to respond, the State insists that Adams voluntarily waived his right to appeal and is, thus, barred from raising the relevant issues in postconviction relief proceedings.

¶14 The State admits that Adams' attorney "only partially complied with the procedure set forth in § 46-8-103, in that his request to withdraw was not accompanied by a 'memorandum referring to anything in the record that might arguably support the appeal.'"

7

Nevertheless, the State attempts to justify this oversight with its notification and voluntary waiver position. We cannot accept the State's proposition.

¶15 We do not believe that Article II, Section 24, of the Montana Constitution and its supporting statutory and case law contemplate "partial compliance" with those procedural safeguards designed to preserve a litigant's right to appeal and right to effective assistance of counsel on appeal. In fact, § 46-8-103(2), MCA, provides that appointed counsel "must" include the requisite memorandum with his or her motion to withdraw. This compulsory language contains no ambiguity which might support the State's "partial compliance" theory.

¶16 The accompanying memorandum requirement in § 46-8-103(2), MCA, serves a vital function. It notifies prospective pro se litigants of potentially viable issues for appellate review. It also provides assistance to a court deliberating over the merit of a motion to withdraw from appellate representation. As we stated in *Rogers*, ¶ 26, "a defendant's right to appellate counsel must be safeguarded and allowing counsel to be the final judge of the merits of an appeal does not adequately safeguard this right." The State's "partial compliance" proposition would effectively transfer the legal practitioner's statutory obligation to the untrained and unsuspecting pro se litigant. In light of the potential consequences, we believe this is too high a burden to place upon someone unfamiliar with the nuances of appellate procedure.

¶17 In short, Adams' attorney failed to comply with the requirements of § 46-8-103(2), MCA, and, therefore, could not effect a valid withdrawal. It follows that since Adams' counsel did not effect a valid withdrawal and did not file a notice of appeal on Adams' behalf, Adams' trial counsel failed to preserve Adams' right to appeal. Failure to preserve a defendant's right to appeal when he has requested notice be filed is error. *Rogers*, ¶ 24. And when, but for counsel's deficient performance, defendant would have appealed, such error is prejudicial. *Rogers*, ¶ 24.

¶18 The State argues that "it cannot be said that, but for counsel's failure to file a memorandum, Adams would have appealed." With his petition for postconviction relief, Adams filed an "Affidavit in Support of Petition for Postconviction Relief." In the affidavit, Adams states, "After affiant was sentenced by this court, on or about December 1, 1999, affiant requested that [his attorney] appeal his conviction to the Montana Supreme Court and [his attorney] failed to do so." Further, on appeal, Adams contends that the letter from his attorney and the District Court's order which demanded a response to his attorney's motion contained conflicting information which led him to believe that his opportunity to file a notice of appeal had expired. We conclude that there is sufficient evidence in the record to indicate that but for counsel's deficient performance, Adams would have filed an appeal. Accordingly, we hold that the District Court erred when it denied Adams' petition for postconviction relief as procedurally noncompliant.

9

¶19  In *Hans*, 283 Mont. at 410, 942 P.2d at 693, we held that all claims foreclosed from appeal because of counsel's abandonment on appeal may be raised in a postconviction petition.  Therefore, the exclusionary language in § 46-21-105(2), MCA, does not apply to the case at bar.

¶20  Generally, a postconviction relief procedure is civil in nature and there is no constitutional requirement that counsel be appointed.  *State v. Bromgard* (1997), 285 Mont. 170, 175, 948 P.2d 182, 185.  However, Adams would have been entitled to counsel on direct appeal and should not be precluded from such representation throughout the postconviction proceedings simply because his trial counsel failed to preserve his direct appeal.  Section 46-8-101(3)(c), MCA, provides that a "defendant, if unable to employ counsel, is entitled to have counsel assigned if the interests of justice would be served by assignment."  Here, in the interests of justice, we conclude that Adams is entitled to appointed counsel throughout the course of postconviction proceedings on remand.

¶21  Although the District Court determined that Adams' petition was procedurally barred, it proceeded to analyze the merits of the allegations contained therein.  However, Adams did not have the benefit of counsel in preparing his petition for postconviction relief.  Therefore, on remand, the District Court must consider anew, upon briefs filed by counsel, the substantive issues presented for review.

¶22  In *Petition of Hans*, 1998 MT 7, 288 Mont. 168, 958 P.2d 1175 (*Hans II*), a case procedurally similar to the one at bar, we

10

delineated what substantive issues a party could present for review in postconviction proceedings in cases such as this. We stated:

> [I]n the future, a defendant whose counsel has abandoned his or her appeal should raise, in one petition for postconviction relief, the claim that counsel was ineffective in abandoning the appeal, all claims that could have been raised on direct appeal, *and* all claims that would normally be appropriate in a petition for postconviction relief, including challenges to the validity of the sentence under § 46-21-101, MCA, and other ineffective assistance claims.

*Hans II*, ¶ 19. However, in *Hans II*, we indicated that we had already ruled on the ineffective assistance allegation for abandoning the direct appeal. Therefore, on remand, Hans was given leave to raise two types of issues in his amended petition for postconviction relief: (1) those issues that could have been raised in a direct appeal but for counsel's abandonment of his appeal; and (2) those issues properly raised in a petition for postconviction relief that have not already been raised. *Hans II*, ¶ 17.

¶23 As in *Hans II*, we have already ruled on Adams' allegation of ineffective assistance of counsel for failure to preserve his direct appeal. Accordingly, on remand, Adams is given leave to raise those direct appeal and postconviction relief issues delineated in *Hans II*. In summary, we reverse the District Court's judgment to the extent it concluded that Adams' petition for postconviction relief was procedurally barred. We remand this case for the appointment of counsel and for further proceedings consistent with this Opinion.

/S/ PATRICIA COTTER

11

We Concur:


/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ TERRY N. TRIEWEILER