No. 02-499

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 5N

VICTOR ALLAN SMITH,

　　　　　Petitioner and Appellant,

　　v.

STATE OF MONTANA,

　　　　　Respondent and Respondent.

APPEAL FROM:　　District Court of the Twenty-First Judicial District,
　　　　　　　　　In and for the County of Ravalli,
　　　　　　　　　The Honorable Jeffrey H. Langton, Judge presiding.

COUNSEL OF RECORD:

　　　　　For Appellant:

　　　　　　　　Victor Allen Smith, Shelby, Montana (*Pro Se*)

　　　　　For Respondent:

　　　　　　　　Hon. Mike McGrath, Attorney General; Micheal S. Wellenstein,
　　　　　　　　Assistant Attorney General, Helena, Montana

　　　　　　　　George Corn, Ravalli County Attorney, Hamilton, Montana

　　　　　　　　　　Submitted on Briefs:　November 26, 2002

　　　　　　　　　　　　Decided:　January 17, 2003

Filed:

_____
　　　　　　　　　　Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Victor Allan Smith appeals from the denial of his *pro se* petition for postconviction relief by the Twenty-First Judicial District Court, Ravalli County.  We affirm.

¶3    We restate the issue as whether the District Court erred in concluding Smith's petition for postconviction relief was procedurally barred under §§ 46-21-102(1)(a) and 46-21-105(1)(a) and (b), MCA.

¶4    Smith pled guilty to aggravated assault and judgment was entered against him in December of 1999.  He did not appeal. Beginning in August of 2000, Smith filed numerous documents in pursuit of postconviction and habeas corpus relief in the District Court and this Court, as well as several appeals of District Court matters to this Court.  Smith filed his first petition for postconviction relief in the District Court in November of 2000, arguing that his constitutional right against double jeopardy was violated when a 10-year weapon enhancement was added to his sentence for aggravated assault.  The District Court denied that petition on substantive grounds in April of 2001.

2

¶5   In November of 2001, Smith filed a second petition for postconviction relief which set forth only a double jeopardy claim. In his supporting arguments, however, he contended he had been denied the right to counsel on direct appeal. The District Court denied Smith's second petition for postconviction relief as both time-barred and procedurally barred under §§ 46-21-102(1)(a) and 46-21-105(1)(a) and (b), MCA. Smith appeals.

¶6   Section 46-21-102(1), MCA, provides that a petition for postconviction relief may be filed at any time within one year of the date on which the petitioner's conviction became final. Smith's aggravated assault conviction became final when he failed to file an appeal by February of 2000. *See* Rule 5(b), M.R.App.P.; § 46-21-102(1)(a), MCA. Smith did file his first petition for postconviction relief in November of 2000, within one year after his conviction became final. That petition raised only a double jeopardy claim.

¶7   Smith's right to counsel contentions were first raised in the arguments supporting his second petition for postconviction relief, filed in November of 2001. We conclude the District Court was correct that the claims now asserted are time-barred. In addition, the District Court correctly concluded that claims first raised in Smith's second petition for postconviction relief are procedurally barred under § 46-21-105(1)(a) and (b), MCA, which allows only one original petition and one amendment to that petition unless a second petition raises grounds that could not reasonably have been raised in the original or amended original petition.

3

¶8   Smith analogizes to *State v. Adams*, 2002 MT 202, 311 Mont. 202, 54 P.3d 50, in support of his contention that his right to counsel claims are not procedurally barred.  In *Adams*, ¶¶ 18-19, we held that, even though the claims raised in the petition for postconviction relief could have been raised on direct appeal, they were not procedurally barred under § 46-21-105(2), MCA, for failure to raise them on appeal because trial counsel may have rendered ineffective assistance by failing to preserve a direct appeal.

¶9   *Adams* is readily distinguishable from the present case for several reasons.  First, unlike the present case, Adams timely filed his petition for postconviction relief.  *See Adams*, ¶¶ 4, 6. Here, as discussed above, the petition before us is time-barred under § 46-21-102(1)(a), MCA.  Second, the procedural bar applied by the district court in *Adams* was that contained in § 46-21-105(2), MCA, namely, that the claims could have been raised on direct appeal.  *See Adams*, ¶ 10.  Here, the procedural bar at issue allows only one original petition and one amendment to that petition.  This is Smith's second petition for postconviction relief and it is procedurally barred under § 46-21-105(1)(a) and (b), MCA, because Smith could have raised his right to counsel claims in his original petition.

¶10  We hold the District Court did not err in dismissing Smith's petition for postconviction relief.

¶11  Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER
/S/ JIM REGNIER
/S/ JAMES C. NELSON
/S/ JIM RICE

4