DA 12-0271

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 23N

LARRY ADAMS,

       Petitioner and Appellant,

  v.

STATE OF MONTANA,

       Respondent and Appellee.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV 11-271
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Larry Adams, Self-Represented, Shelby, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; C. Mark Fowler, Assistant
Attorney General, Helena, Montana

          William Fulbright, Ravalli County Attorney; Angela Wetzsteon, Deputy
County Attorney, Hamilton, Montana

                        Submitted on Briefs:  January 16, 2013
                                    Decided:  February 5, 2013

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Larry Adams appeals from the District Court's opinion and order filed April 17, 2012, dismissing his petition for postconviction relief. We affirm.

¶3 Adams was convicted of aggravated assault and other crimes, and sentenced in 1999. He did not appeal, but since then he has instituted a number of collateral attacks upon his conviction and sentence. *State v. Adams*, 2002 MT 202, 311 Mont. 202, 54 P.3d 50 (remanding to district court for appointment of counsel to allow Adams to raise any direct appeal or postconviction relief issues in his case); *Adams v. State*, 2007 MT 35, 336 Mont. 63, 153 P.3d 601 (affirming the district court's denial of Adams' petition for postconviction relief following the remand in 2002). In 2010 the United States District Court granted Adams a writ of habeas corpus, requiring that he be resentenced for a term that did not include a ten-year enhancement for use of a weapon, based upon *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000).

¶4 Adams appeared before the District Court on February 10, 2010, with counsel, for resentencing pursuant to the writ. The District Court re-sentenced Adams to the same sentence he received in 1999, but without the ten-year enhancement for use of a weapon. The District Court also amended two six-month sentences for misdemeanor charges so that they ran concurrently rather than consecutively with the felony sentence. Adams initiated

the present proceeding by filing a petition pro se for postconviction relief on April 21, 2011, contending that his attorney at resentencing provided ineffective assistance by refusing to appeal the conviction from 1999.

¶5 Under Montana law Adams had one year from the date the 2010 sentencing became final in which to petition for postconviction relief. Section 46-21-102, MCA. Adams did not file his petition within that one-year time period. The District Court carefully considered and rejected Adams' arguments as to why his petition was not procedurally barred. Adams does not explain how his 2010 sentence was unlawful and his underlying conviction was final more than a decade ago. He had an adequate remedy to attack his underlying conviction by direct appeal in 1999 and again after remand by this Court in 2002, and has presented no basis for attacking his conviction. Section 46-21-101, MCA.

¶6 The District Court properly applied the law and properly dismissed Adams' petition for postconviction relief. We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions.

¶7 Affirmed.

/S/ Mike McGrath

We concur:

/S/ Jim Rice
/S/ Michael E Wheat
/S/ Beth Baker
/S/ Brian Morris

3