JUSTICE RICE,
concurring.
¶18 I concur with the Court’s decision, but would reach the decision by way of a different analysis. Johnson’s challenge to her 2003 DUI conviction is not a criminal proceeding. Rather, it is a postconviction collateral attack. See Maine, ¶¶ 29, 31, 33. As such, Johnson’s challenge is a civil proceeding. State v. Bromgard, 285 Mont. 170, 175, 948 P.2d 182, 185 (1997) (“A post-conviction relief procedure is civil in nature ... .”). Johnson bore the burden of proof in the proceeding. Maine, ¶ 34 (“as the moving party, the ultimate burden of proof — -which includes both the burden of production and the burden of persuasion — shall be on the defendant, who must prove by a preponderance of the evidence that the conviction is invalid”). Johnson’s challenge to the prior conviction required that she be subject to examination about her civil claim as a litigant and witness, without regard to protections afforded a defendant in a criminal proceeding.