FILED

11/07/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0010

DA 17-0010

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 271N

WALTER M. LARSON, JR.,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM:     District Court of the Seventh Judicial District,
In and For the County of Dawson, Cause No. DV 16-115
Honorable Richard A. Simonton, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Walter M. Larson, Jr., Self-Represented, Shelby, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

Cody Lensing, Brett Irigoin, Deputy Dawson County Attorneys, Glendive,
Montana

Submitted on Briefs:  October 4, 2017

Decided:  November 7, 2017

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Walter M. Larson, Jr. ("Larson"), appearing pro se, appeals from the December 21, 2016 Order of the Seventh Judicial District Court, Dawson County, dismissing his second petition for postconviction relief with prejudice. We address whether the District Court erred in dismissing Larson's second petition. We affirm.

¶3     On April 1, 2013, Larson was convicted of deliberate homicide and tampering with physical evidence. On October 16, 2013, Larson appealed his conviction, and on September 15, 2015, we affirmed Larson's conviction. [1]   On October 26, 2015, Larson filed his first Petition for Postconviction Relief (PCR), alleging ineffective assistance of trial counsel. The District Court ordered Larson's trial attorneys, Randi Hood and J. Thomas Bartelson, to respond, and both attorneys filed responsive affidavits. On December 7, 2015, the District Court dismissed Larson's first PCR Petition for failure to state a claim for which relief could be granted. Larson appealed and argued that the District Court erred by failing to hold an evidentiary hearing prior to dismissing his Petition and by failing to appoint counsel during the postconviction proceeding. On

---

[1]  *State v. Larson*, 2015 MT 271, ¶¶ 1, 42, 381 Mont. 94, 356 P.3d 488 [hereinafter *Larson I*].

October 11, 2016, we affirmed the District Court's dismissal of the first PCR Petition.[2] We held that the District Court did not abuse its discretion when it determined that a hearing was not required and that, because Larson's PCR Petition failed to state a claim upon which relief could be granted, the District Court was not required to appoint counsel to assist Larson. *Larson II*, ¶¶ 6–7 (citing §§ 46-8-104, 46-21-201(2), MCA). On November 29, 2016, Larson filed his second PCR Petition, re-alleging ineffective assistance of trial counsel. On December 21, 2016, the District Court dismissed Larson's second Petition, and he again appealed. Larson argues that the District Court erred in denying his PCR Petition by not ordering his former defense counsel to re-submit response affidavits and by not holding an evidentiary hearing to determine the validity of his claims.

¶4　　We review a district court's denial of a petition for PCR to determine whether its findings of fact are clearly erroneous and its conclusions of law are correct. *Beach v. State*, 2009 MT 398, ¶ 14, 353 Mont. 411, 220 P.3d 667; *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861. We review discretionary rulings, including rulings on whether to hold an evidentiary hearing, for abuse of discretion. *Heath v. State*, 2009 MT 7, ¶ 13, 348 Mont. 361, 202 P.3d 118.

¶5　　In Larson's second PCR Petition and subsequent briefing, all his accusations are again framed in terms of ineffective assistance of counsel. Larson argues that he has made several attempts to access documents and evidence, including investigative reports and the files of former counsel, that could help to prove his non-record based claims, and

---

[2] *Larson v. State*, 2016 MT 259N, ¶¶ 2, 9, 36 Mont. 393, 384 P.3d 46 [hereinafter *Larson II*].

that the District Court should have appointed counsel to assist Larson with his PCR defense. Larson also argues that the merits of his allegations have never been addressed by the District Court; instead, the District Court dismissed Larson's PCR Petitions based on procedural errors and declined to give him latitude as a pro se litigant. The State of Montana responds that the right to counsel ends following the conclusion of a direct appeal, § 46-8-103(1), MCA; *see also State v. Bromgard*, 285 Mont. 170, 175, 948 P.2d 182, 185 (1997) (explaining that there is no constitutional requirement that counsel be appointed in a PCR proceeding), and that any assignment of counsel after the direct appeal is fully within the district court's discretion, *see* §§ 46-8-104, 46-21-201(2), MCA. The State responds that the dismissal of Larson's first PCR Petition for procedural deficiencies creates no right to file a second petition; instead, such successive petitions are governed by § 46-21-105, MCA.

¶6 The District Court determined that Larson's second PCR Petition was virtually identical to his first PCR Petition: it set out the "same allegations" and offered "no additional substantial evidence" for the District Court to consider. *See* § 46-21-105(1)(b), MCA. The District Court characterized the second PCR Petition as "redundant" and "frivolous" and did not require Larson's trial attorneys to respond a second time. *See* §§ 46-8-104(2)–(3), 46-21-201(2), MCA.

¶7 A district court "shall dismiss a second or subsequent petition [for PCR] by a person who has filed an original petition unless the second or subsequent petition raises grounds for relief that could not reasonably have been raised in the original or amended original petition," § 46-21-105(1)(b), MCA, the goal being "to eliminate the unnecessary

4

burden placed upon the courts by repetitious or specious petitions," *Bromgard*, 285 Mont. at 174, 985 P.2d at 184 (quoting the Commission Comments to § 46-21-105, MCA) (internal citations omitted). A petition for PCR must not be based on "mere conclusory allegations," *Ellenburg v. Chase*, 2004 MT 66, ¶ 16, 320 Mont. 315, 87 P.3d 473; or on self-serving statements, *Kelly v. State*, 2013 MT 21, ¶¶ 9–11, 368 Mont. 309, 300 P.3d 120. A petitioner's failure to satisfy these statutory requirements, or to show that the petitioner is entitled to relief, may result in a district court's dismissal of the petition. *Marble v. State*, 2015 MT 242, ¶¶ 31, 38, 380 Mont. 366, 355 P.3d 742 (internal citations omitted); § 46-21-104(1), MCA.

¶8    In our previous denial of Larson's first Petition for PCR, we determined that Larson failed to comply with statutory requirements when his petition did not identify facts supporting his alleged grounds for relief and did not attach "affidavits, records, or other evidence establishing the existence of those facts." *Larson II*, ¶¶ 5–6 (quoting § 46-21-104(1)(c), MCA). While we afford pro se litigants considerable latitude in proceedings, we "expect all litigants, including those acting pro se, to adhere to the procedural rules." *First Bank (N.A.)-Billings v. Heidema*, 219 Mont. 373, 376, 711 P.2d 1384, 1386 (1986). In his second PCR Petition, Larson made virtually identical conclusory allegations as those made in his first Petition, offering no new evidence to support his repeated allegations. *See* § 46-21-105(1)(b), MCA; *Bromgard*, 285 Mont. at 175–76, 948 P.2d at 184–86. As the District Court correctly concluded, all of Larson's "additional facts" were, or could have been, raised in his first Petition; Larson added no other substantial evidence for the District Court to consider. *See* § 46-21-105(1)(b),

5

MCA. Larson failed to offer new evidence in support of his allegations of ineffective assistance of counsel, and the District Court did not err when it dismissed Larson's second PCR Petition for failure to meet the statutory requirements of § 46-21-105(1)(b), MCA.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's findings of fact are not clearly erroneous, its conclusions of law are correct, and its ruling was not an abuse of discretion. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE